UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

| | |
|---|---|
| GAETANO P. DELUCA<br><br>Plaintiff<br><br>v.<br><br>TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., RUTH ANNE BECK, TREASURER/TAX COLLECTOR, BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and FIRST HIGH STREET TRUST<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

Now come the Defendants, Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman, and respectfully request that this Honorable Court to grant a protective order regarding all discovery until the Court has conducted a scheduling conference in this matter, pursuant to Local Rule 16. In support of this motion, the Defendants state as follows:

1. On December 23, 2003, the Plaintiff served a Complaint on the Defendants. The Complaint contains one hundred and ninety seven paragraphs (197) and was fifty four (54) pages in length. The Complaint contains allegations spanning a twenty year period and involves twelve properties, various Town of Hingham employees and Boards. The Complaint is vague, thoroughly confusing, lacks specificity, and

does not comply with Fed.R.Civ.P (8) requiring a plain statement of the claim.

2. On January 6, 2004, the Defendants filed a Motion to Extend Time to serve a Responsive Pleading. The Court allowed said Motion on January 12, 2004 granting the Defendants thirty (30) days to file a responsive pleading. Defendants have filed a Motion for a More Definite Statement contemporaneously with this Motion.

3. On January 13, 2004, Plaintiff served on the Defendants his automatic disclosure. (Attached as Exhibit A). The disclosure merely listed 12 items with a short, vague general description of documents. The Plaintiff did not provide any names of individuals likely to have discoverable evidence; a location of the documents listed; or a computation of damages as required by Fed.R.Civ.P. 26(a)(1).

4. Defendants are unable to provide their automatic discovery as the Complaint lacks specificity with regard to the allegations and the Defendants cannot determine which documents and names of individuals must be disclosed as required by Fed.R.Civ.P. 26(a)(1).

5. On January 13, 2004, Plaintiff served three sets of interrogatories totaling more than 270 individual questions, and three sets of requests for production of documents (Attached as Exhibit B).

6. On January 13, 2004, counsel for the Defendants wrote a letter to the Plaintiff indicating that his discovery was premature in this matter. On January 15, 2004, Plaintiff responded by letter stating he was in full compliance with the Rules and sought responses to his discover requests.

7. Defendants are unable to respond to Plaintiff requests since in accordance with

Fed.R.Civ.P. 26(b)(1) they are unable to determine whether the information sought is relevant to the claim as Plaintiff's Complaint does not allege with reasonable specificity the nature of the claim, the dates, properties, permits or causes of action. Further, because the Complaint lacks reasonable specificity, the parties are unable to confer in accordance with Fed.R.Civ.P. 26(f).

8. Further, as of the date of this motion, the Court has not ordered a scheduling conference in this matter in accordance with Local Rule 16.1, to establish a reasonable discovery schedule.

9. The Plaintiff's discovery requests are voluminous and, based on the lack of specificity of his Complaint, it is unclear whether the discovery requests are relevant to his alleged causes of action. It would be burdensome and unreasonable to require the Defendants to answer said discovery in light of its pending Motion for a More Definite statement and the clarification of Plaintiff's complaint and cause of action.

Wherefore, the Defendants ask this Honorable Court to issue a protective order extending its time to answer or otherwise respond to written discovery Plaintiff has served on Defendants until 30 days after the Court's initial scheduling conference, and to preclude the Plaintiff from conducting any additional discovery until the conference has taken place.

Respectfully submitted,

The Town of Hingham et al.,
By their attorneys,

*/s/ Stacey G. Bloom*
James A. Toomey, BBO#550220
William P. Breen, BBO#558768
Stacey G. Bloom, BBO#5668000
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Post Office Box 9126
Quincy, MA 02269-9126
617-479-5000

## CERTIFICATION IN ACCORDANCE WITH LOCAL RULE 7.1

I, Stacey G. Bloom, counsel for the Defendants certify that I have conferred with the Plaintiff, Gaetano Deluca, pro se with regard to the above captioned Motion for a Stay of Discovery on January 30, 2004 by telephone.

2/2/04
DATE

*/s/ Stacey G. Bloom*
Stacey G. Bloom

## CERTIFICATE OF SERVICE

I, Stacey G. Bloom certify that I have served a copy of the foregoing Motion for a Stay of Discovery, by hand on the Plaintiff, Gaetano Deluca, pre se, 140 High Street, Hingham, MA 02043.

2/2/04
Date

*/s/ Stacey G. Bloom*
Stacey G. Bloom