UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

|  |  |
|---|---|
| GAETANO P. DELUCA | ) |
| Plaintiff | ) |
| v. | ) |
| TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., RUTH ANNE BECK, TREASURER/TAX COLLECTOR, BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and FIRST HIGH STREET TRUST | ) |
| Defendants | ) |

### DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

The Defendants Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman respectfully move the Court to order Plaintiff Gaetano P. DeLuca to provide a more definite statement of the plaintiff's claims. Rule 12(e) Fed.R.Civ.P. As grounds for this motion, the defendants states that the Complaint is so vague and ambiguous in its allegations that the defendant cannot reasonably be required to frame a responsive pleading.

The defects complained of and the details requested are as follows:

1

A.   Complaints Addressed To All Counts of the Complaint.

1.   The Complaint is not sufficiently specific to give notice of the relevant facts and circumstances which, if proved, establish a basis for recovery.

The Court should order the plaintiffs to revise and/or supplement his complaint to set forth, in a clear and concise manner, facts sufficient to provide notice of the specific conduct which forms the basis of the plaintiff's claim of liability. The Complaint, as pled, contains twenty three (23) counts and one hundred and ninety seven paragraphs (197) alleging conduct dating back to 1987 in some instances. The Counts do not allege facts sufficient to provide the Defendants with notice of the material circumstances which form the basis of plaintiff's complaint, forcing the Defendants to guess at the plaintiff's cause of action or legal theory and attempt to frame a response to the complaint based on their interpretation of the plaintiff's intent. It is the plaintiff's responsibility to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) Fed.R.Civ.P. The present complaint does not show that the pleader is entitled to relief. A more clear and concise pleading is necessary.

2.   The Complaint Alleges Conduct Which Allegedly Took Place Well Beyond Any Applicable Limitations Period

Numerous counts of the Plaintiff's Complaint allege conduct or occurrences which are alleged to have occurred in the 1980s or early to mid 1990s. See e.g. Counts IV, VI, X, XII, XII, XIV and and XXIII. Allegations of wrongdoing clearly beyond all relevant limitations periods are interspersed with allegations which might conceivably fall wihin a statute of limitations.

The Court should order the Plaintiff to delete from his Complaint all allegations of misconduct which is alleged to have occurred before December 23, 2000. IN the alternative, the Court should order the Plaintiff to segregate allegations of conduct which preceded December

23, 2000 into separate and distinct counts.

B.  Complaints Concerning Specific Counts and Details Requested.

   1.  Complaints Concerning Count I And Details Requested.

The plaintiff alleges that the Board of Health has allowed neighbors to libel and slander him. The plaintiff does not provide any information as to when the alleged statements were made, when they were published and by whom. The plaintiff also does not provide any information as to what the allegedly defamatory statements were. Further, the allegations provide no basis for establishing liability against a governmental defendant or its employees allowing others to defame him. See M.G. L. c. 258, § 10(j).

The defendants move the Court to order the plaintiff to specify the allegedly defamatory statements and to state when the alleged statements were made, when they were published and by whom, or in the alternative, to strike this count from the Complaint.

   2.  Complaints Concerning Count II And Details Requested.

The plaintiff alleges in Count II that "certain redundant meetings" were held by the Board of Health regarding the plaintiff's lots. The plaintiff does not provide any information as to when the meetings were held. Additionally plaintiff alleges that certain permits were granted and revoked but does not provide any information as to when the permits were issued, which permits were issued or when they were revoked. Moreover, plaintiff has identified 12 lots as the subject of his complaint. It is unclear in this Count and most others in the Complaint, if the allegations pertain to a particular lot or all of them.

The defendants move the Court to order the plaintiff to specify when the meetings were held, which permits were granted and/or revoked and when and which lots further specify the

cause of action or in the alternative, to strike this count from the Complaint.

3.     Complaints Concerning Count III, IV, and V And Details Requested

Plaintiff alleges that "perc tests" were performed as well as other tests by an engineer but does not allege a date, the type of tests or a particular lot where the test was performed or approved or whether such information was presented to the Board of Health. Plaintiff alleges that the Planning Board failed to approve his plan but does not specify which plan, when the failed approval occurred and for which lot the plan pertained. The Plaintiff states that "many demands were made on the plaintiff over the next (11) eleven years" but does not state what the demands were, when they were made or by whom. Further, the Plaintiff alleges that the Planning Board met with Edward Lewiecki and "cut a deal", but does not identify when the meeting was, and who made the alleged statement in his complaint. Further, Plaintiff attributes certain statements to Tony Muzzi and Doug Patterson but does not identify who these individuals are or when Plaintiff's alleged meeting with them took place. Plaintiff alleges that he was threatened, harassed and defrauded by the Planning Board, Board of Health, Conservation Commission and executive officers but fails to allege the events, times and dates of such alleged actions as well as the particular executive officers and Boards that allegedly engaged in such actions. Plaintiff also alleges that certain "directives" were made to him, but fails to state what those directives were, and who made them. Additionally, Plaintiff alleges that certain letters "did not appear in the Board of Health's Regulations" but fails to allege why this failure gives rise to a cause of action. Plaintiff also alleges that certain actions were contrary to Regulations but does not specify which particular Regulations.

Plaintiff alleges that the Board of Health knowingly accepted false information from

4

abutters but does not specify who the abutters are, what the information was or when it was received. Moreover, the Count alleges improper meetings but does not specify when the meetings were held, or which permits were allegedly revoked at the meetings or why this gives rise to a cause of action. He also quotes an unknown source regarding a proposed septic system.

The defendants move the Court to order the plaintiff to specify the type of test, the date of any tests, the particular lot on which the test was taken, who conducted the test and whether the results were forwarded to the Board of Health; specify any plans by date, lot and when if any approvals were issued and/or denied; identify the nature of any demands by date and who made the alleged demands; the date of any meetings alleged and the identity of any individuals present at the meetings; specify the date and nature of any action allegedly contrary to regulations and the regulations the actions were contrary to; the relevant events, dates and nature of any harassment, threats and the individual who made them and to whom they were made. With regard to any allegations of fraud, the Plaintiff should plead the allegations with the particularity required by Fed.R.Civ.P. 9 including the date and all circumstances surrounding the allegations and the individuals involved or in the alternative, to strike these counts from the Complaint.

4.  Complaints Concerning Count VI, and VII And Details Requested.

Plaintiff alleges that Bruce Capman and Pine duBois submitted a false affidavits but does not state how this creates liability as a cause of action. Plaintiff alleges that meetings were held by the Planning Board and that certain statements were made by various individuals employed by the Town but does not allege a cause of action arising from these individual actions.

The defendants move the Court to order the plaintiff to specify when the meetings were held, any statements which were made and by whom. Additionally, the Court should Order the

Plaintiff to further specify the cause of action or in the alternative, to strike these counts from the Complaint.

5.    Complaints Concerning Count VIII And Details Requested.

Plaintiff alleges that Peter B. Bickford, Gregory V. Sullivan and others sent letters containing false information for the purpose of having the Board of Health deny and/or revoke permits, but the Plaintiff does not state who the "others" are, when the letters were allegedly sent and or what permits were allegedly intended to be revoked or denied and for which property. Plaintiff also alleges that the defendants made calls and false complaints, that they threatened Plaintiff's buyers and potential buyers and gave interviews to the press; traveled to New Hampshire for a meeting with a buyer of property. However, Plaintiff does not identify which defendants allegedly engaged in these threats, complaints and interviews, when they occurred and what the nature of them were, when the trip occurred and which defendants made the trip, who the seller was, the property and permits involved and what cause of action arises from this.

The defendants move the Court to order the plaintiff to specify all the individuals who sent alleged letters, when they were sent and the alleged statements in the letters; which permits were denied or revoked and when said denial/revocation occurred and which lots were allegedly the subject of said permits. Additionally, defendants move the Court to order the plaintiff to specify any and all defendants he alleges made threats, complaints or calls, when said threats, complaints and calls were made and to whom; plaintiff should specify who his potential buyers were and for which properties and the date of any meetings and/or trips or in the alternative, to strike this count from the Complaint.

6

6.  **Complaints Concerning Count IX And Details Requested.**

Plaintiff alleges that certain statements were made by individuals at Gale and Associates regarding the permits for certain lots. However, Plaintiff does not state when the alleged statements were made and what permits were involved.

The defendants move the Court to order the plaintiff to specify the permits and the date of issuance and the lots or in the alternative, to strike this count from the Complaint.

7.  **Complaints Concerning Count XI, XII and XIII And Details Requested.**

Plaintiff alleges that new regulations were promulgated and applied to the Plaintiff but does not state when the regulations were promulgated or how they were applied to Plaintiff incorrectly. Plaintiff also states that the defendants has and is still violating M.G.L. c 111, §§127P and 31E, but does not state what those alleged violations are, which lots they allegedly apply to, which permits it is refusing to issue and what theory of liability this count alleges.

Plaintiff alleges he filed a plan with the Planning Board, but does not provide any information regarding which property the Plan was filed for; Plaintiff alleges that the Board of Health was given a letter from the Loring Jacobs Company disparaging the Plaintiffs but does not state the date or the alleged disparaging contents contained in the letter. Plaintiff alleges that a Court decision was affirmed which should result in the issuance of a particular permit, but does not allege the case name, or date of decision. Plaintiff alleges he filed an application for a building permit but does not specify which property the permit was for; Entire complaint fails to make out a theory of a cause of action.

Plaintiff's alleges that "these requirements" were applied differently to the Plaintiff than the Defendants but does not specify which requirements he is referring to or how they were

differently applied.

The defendants move the Court to order the plaintiff to specify the regulations referenced and when they were promulgated, the alleged violations, the dates of any permits referenced and the lots in issue. The Plaintiff should also specify the plan referenced and the lot in question. Plaintiff should specify the date of any letters referenced and the nature of the alleged disparaging contents; the date and lot of any permits applied for as well as specifying any requirements allegedly referenced in the alternative, to strike these counts from the Complaint.

8. Complaints Concerning Count XIV And Details Requested.

Plaintiff references an agreement to purchase he signed for Lot 8 but fails to state when the agreement was signed; references perc tests but fails to identify the property on which the tests were to be done; references "same refusal" but does not specify what the refusal was for; alleges approvals obtained but not specify for which property; alleged improper procedures but does not identify which procedures and how they were improper; references regulations not in existence but does not identify which regulations they were.

The defendants move the Court to order the plaintiff to specify the date of any agreements as well as any lots where alleged tests were conducted. Specify the nature of any refusals, regulations or procedures as well as any actions by the Town which did not protect the Plaintiff. Plaintiff should further specify the cause of action or in the alternative, to strike these counts from the Complaint.

9. Complaints Concerning Count XV And Details Requested.

Plaintiff makes allegations regarding improperly revoked permits but does not specify which permits, the dates they were allegedly revoked or the lots involved; Plaintiff states that he

was assured no foreclosure would occur on his property, but does not allege who made such a representation; Plaintiff alleged a statement regarding the Town Warrant, unclear who made it, and its relevancy to the case; Plaintiff references permits and false allegations by abutters but fails to allege the lots, the people, the statements and a cause of action. Plaintiff further makes allegations by referencing 32 paragraphs contained in his complaint. However, the referenced paragraphs do not make sense in the context of this count and the lack of information contained in the previous paragraphs.

The defendants move the Court to order the plaintiff to specify who made any statement or representations alleged in the Count and when the statements were made; further specify any lots referenced by address and the date and type of any permit. Additionally, this Court should order the Plaintiff to clarify any references to prior paragraphs contained in the complaint as well as the cause of action or in the alternative, to strike this count from the Complaint.

10. <u>Complaints Concerning Count XVI, XVII, XVIII, XIX , XX, XXI, XXII And Details Requested.</u>

The Plaintiff alleges conspiracies by individuals on the Planning Board, Board of Selectmen, Board of Health, Conservation Commission, and various other town employees by referencing over 100 prior paragraphs contained in his Complaint. Those paragraphs do not provide information to make out a cause of action as said paragraphs lack time, dates, specifications as to permits and lots involved.

The defendants move the Court to order the plaintiff to specify the time, dates and facts surrounding the alleged conspiracies or in the alternative to dismiss these Counts from the complaint.

WHEREFORE, the Defendants respectfully move the Court to Order the plaintiff to

amend their Complaint to provide a more definite statement of their cause of action and its factual basis.

Respectfully submitted,

The Town of Hingham et al.,
By their attorneys,

*/s/ Stacey G. Bloom*
James A. Toomey, BBO#550220
William P. Breen, BBO#558768
Stacey G. Bloom, BBO#5668000
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Post Office Box 9126
Quincy, MA 02269-9126
617-479-5000

### CERTIFICATION IN ACCORDANCE WITH LOCAL RULE 7.1

I, Stacey G. Bloom, counsel for the Defendants certify that I have conferred with the Plaintiff, Gaetano Deluca, pro se with regard to the above captioned Motion for a More Definite Statement.

2/2/04
DATE

*/s/ Stacey G. Bloom*
Stacey G. Bloom

### CERTIFICATE OF SERVICE

I, Stacey G. Bloom certify that I have served by hand a copy of the foregoing Motion for a More Definite Statement, to the Plaintiff, Gaetano Deluca, pre se, 140 High Street, Hingham, MA 02043.

2/2/04
Date

*/s/ Stacey G. Bloom*
Stacey G. Bloom

10