UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12592 REK

GAETANO P. DELUCA,  )
       Plaintiff  )
  v.  )
THE TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH,  )
PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR.,  )
RUTH ANNE BECK, TREASURER/TAX COLLECTOR,  )
BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and  )
FIRST HIGH STREET TRUST,  )
       Defendants  )

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR A MORE DEFINITE STATEMENT

Now comes the plaintiff, Gaetano P. DeLuca, and respectfully opposes the defendants' Motion for a more Definite Statement.

In support of this opposition, the plaintiff states the following:

I.  BACKGROUND

This is an action brought by the pro se plaintiff, Gaetano P. DeLuca. On December 23, 2003, all Defendants were properly served and on December 23, 2003, the Town of Hingham was served notice of this action by Certified Mail.

Under the Federal Rules of Civil Procedure, the defendants were required to file their Answers to the Complaint within 20 days of service. Notwithstanding, on January 6, 2004, counsel for the defendants, filed a Motion to Extend Time to File a Response to the Plaintiff's Complaint. The defendants' Motion sought a thirty (30) day extension to answer. Despite the plaintiff's Opposition, on January 12, 2004, the Court granted the defendants' Motion. Accordingly, defendants' Answers are due on or before February 12, 2004.

In addition, on January 12, 2004, the plaintiff served Attorney Bloom a copy of his Automatic Disclosure Statement. A copy was also filed with the Court.

EXHIBIT NO. 1

Further, on January 13, 2004, the plaintiff filed and served copies of his Request to Default the defendant, Raymond E. Beale, Jr.

EXHIBIT NO. 2

On January 12, 2004, various discovery requests were served upon Attorney Bloom. These included Production and Interrogatory Requests of The defendants, Beck, Capman and Bickford. On January 13, 2004, by letter, Attorney Bloom acknowledged these discovery requests.

EXHIBIT NO. 3

-2-

On January 15, 2004, the plaintiff responded to Attorney Bloom's January 13, 2004 letter. Attorney Bloom has not replied.

EXHIBIT NO. 4

On Friday, January 30, 2004 at 2:15 PM, I received a call from Attorney Bloom who stated that her call was a Conference call as required by the Rules. After we spoke for less than five (5) minutes, I suggested that she send me a copy of her Motion and on my receipt we could discuss it further to avert the Court's involvement in this matter. Instead, on Monday, February 2, 2004, Defendants' Counsel opted to file her Motions instead of waiting to discuss and resolve it with the plaintiff.

EXHIBIT NO. 5

II. ARGUMENT

A. THE COMPLAINT IS SPECIFIC AND GIVES NOTICE
   OF ALL RELEVANT FACTS AND CIRCUMSTANCES

The plaintiff's Complaint is clear and unambiguous. In fact it is so detailed that it contains 197 separate paragraphs setting out relevant conduct and a history of events over a sixteen year period.

The defendants' so called concerns are disingenuous. The defendants are familiar with all of the facts and individuals named in the complaint as the defendants have been the players who, as the Complaint sets out, have initiated the wrongdoing which the plaintiff complains about.

Moreover, the defendants are well aware that the subject matter of the plaintiff's Complaint has been the topic of numerous meetings, letters and discussions from 1987 to the present.

In sum, the defendants' claim that they are unfamiliar with the events outlined in the plaintiff's Complaint are outrageous.

In this regard, on or about December 9, 2003, the plaintiff made a Public Records request of the Town of Hingham. On December 9, 2003 and December 3, (sic) 2003, the plaintiff received responses to the requests which clearly establish that the defendants are fully aware of the facts and circumstances surrounding the events set forth in the plaintiff's Complaint.

EXHIBIT NOS. 6 & 7

B.  THE DEFENDANTS' MOTION FOR A MORE
    DEFINITE STATEMENT SHOULD NOT BE GRANTED

The test for the granting of a motion for a more definite statement is whether inconsistencies in the complaint with respect to ultimate facts should be clarified. <u>Harper Feed Mills v. American Guarantee & Liability Ins. Co.</u>, 16 F.R.D. 23 (1954).

Nevertheless, the Courts clearly disfavor and discourage motions for a more definite statement. In view of liberal discovery rules and procedures available to all parties, motion for more definite statement is generally discouraged. <u>Weizmann v. Kirkland and Ellis</u>, 732 F. Supp. 1540 (1990).

Where information sought by party moving for more definite statement is available through discovery, the motion should be denied. <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940 (1981).

Moreover, as in this case, a Complaint is not required to be amplified if information sought is particularly within defendant's knowledge. <u>Lodge 743, Intern. Assoc. of Machinists, AFL-CIO v. United Aircraft Corp.</u>, 30 F.R.D. 142 (1962).

As set out in Exhibits 6 & 7 the defendants' clearly have particular knowledge of the information they now claim to seek.

Accordingly, their motion for a more definite statement should be denied.

C.   THE PRO SE COMPLAINT MUST
     BE LIBERALLY CONSTRUED

The plaintiff, in this action, Gaetano P. DeLuca, has prepared and filed the Complaint and all pleadings in this matter as a pro se litigant. As such, the Court should allow him greater deference and hold him to less stringent standards than if he was a lawyer.

Pro se litigant's pleadings are construed liberally and judged against less stringent standards than pleadings drawn by attorneys. <u>DeYoung v. State of Kansas,</u> 890 F. Supp. 949 (1995).

Applying this standard to the plaintiff's complaint, it is clear that the defendants are not entitled to a more definite statement on the plaintiff's claims.

## CONCLUSION

For all of the foregoing reasons it is clear as a matter of law that the defendants are not entitled to a more definite statement.

Accordingly, the plaintiff prays that this Honorable Court deny the defendants' Motion and Order the defendants to Answer the Complaint forthwith.

Dated: February 5, 2004

Respectfully submitted,

*/s/ Gaetano P. DeLuca*
Gaetano P. DeLuca
140 High Street
Hingham, MA 02043

CERTIFICATE OF SERVICE

I herein certify that all parties were served a copy of the attached by First Class Mail on February 5, 2004.

February 5, 2004

_____
Gaetano P. DeLuca