UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12592 REK

GAETANO P. DELUCA, )
       Plaintiff )
v. )
THE TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, )
PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., )
RUTH ANNE BECK, TREASURER/TAX COLLECTOR, )
BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and )
FIRST HIGH STREET TRUST, )
       Defendants )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF DISCOVERY**

Now comes the plaintiff, Gaetano P. DeLuca, and respectfully opposes the defendants' Motion for a Stay of Discovery.

In support of this opposition, the plaintiff states the following:

I. BACKGROUND

This is an action brought by the pro se plaintiff, Gaetano P. DeLuca. On December 23, 2003, all Defendants were properly served and on December 23, 2003, the Town of Hingham was served notice of this action by Certified Mail.

Under the Federal Rules of Civil Procedure, the defendants were required to file their Answers to the Complaint within 20 days of service. Notwithstanding, on January 6, 2004, counsel for the defendants, filed a Motion to Extend Time to File a Response to the Plaintiff's Complaint. The defendants' Motion sought a thirty (30) day extension to answer. Despite the plaintiff's Opposition, on January 12, 2004, the Court granted the defendants' Motion. Accordingly, defendants' Answers are due on or before February 12, 2004.

In addition, on January 12, 2004, the plaintiff served Attorney Bloom a copy of his Automatic Disclosure Statement. A copy was also filed with the Court.

EXHIBIT A

Further, on January 13, 2004, the plaintiff filed and served copies of his Request to Default the defendant, Raymond E. Beale, Jr.

EXHIBIT B

On January 12, 2004, various discovery requests were served upon Attorney Bloom. These included Production and Interrogatory Requests of The defendants, Beck, Capman and Bickford. On January 13, 2004, by letter, Attorney Bloom acknowledged these discovery requests.

EXHIBIT C

On January 15, 2004, the plaintiff responded to Attorney Bloom's January 13, 2004 letter. Attorney Bloom has not replied.

EXHIBIT D

Instead, on Friday, January 30, 2004 at 2:15 PM, I received a call from Attorney Bloom who stated that her call was a Conference call as required by the Rules. After we spoke for less than five (5) minutes, I suggested that she send me a copy of her Motion and on my receipt we could discuss it further to avert the Court's involvement in this matter. Instead, on Monday, February 2, 2004, Defendants' Counsel opted to file her Motions instead of waiting to discuss and resolve it with the plaintiff.

EXHIBIT E

II. ARGUMENT

A. THE COURT SHOULD NOT GRANT A STAY OF DISCOVERY

As set forth herein and in accordance with the Federal Rules of Civil Procedure and Local Rule 26.2, on January 12, 2004, the plaintiff filed and served his Automatic Disclosure Statement.

-3-

Thereafter, on January 12, 2004, the plaintiff then served various discovery requests upon defendants' counsel.

Under Local Rule 26.2, a party may commence discovery once he or she has made the automatic disclosures required by the Rule.

Although the defendant is correct that the Court has not yet convened a scheduling conference pursuant to Local Rule 16.1, there is nothing in the Local Rule that bars or prohibits the parties from conducting discovery prior to the scheduling conference.

In fact, Local Rule 26.1 encourages the parties to engage in cost effective discovery by means of voluntary exchange of information among litigants.

Under the Federal Rules of Civil Procedure, discovery is an ongoing process, and party may not simply delay answering interrogatories when all facts are known and theories finalized. Barker v. Bledsoe, 85 F.R.D. 545 (1979). The spirit of Rules 26-37 of the Federal Rules of Civil Procedure requires that discovery before trial be made whenever possible. Stark v. American Dredging Co., 3 F.R.D. 300 (1943).

-4-

In sum, the defendants' Motion to stay discovery is nothing more than an attempt to prevent the plaintiff from obtaining the discovery which he is entitled to under these Rules.

## CONCLUSION

For all of the foregoing reasons the plaintiff prays that this Honorable Court deny the defendants' Motion to Stay Discovery.

Dated: February 5, 2004

Respectfully submitted,

/s/ Gaetano P. DeLuca
Gaetano P. DeLuca
140 High Street
Hingham, MA 02043

CERTIFICATE OF SERVICE
------------------------

I herein certify that all parties were served a copy of the attached by First Class Mail on February 5, 2004.

February 5, 2004

                                                Gaetano P. DeLuca