UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GAETANO P. DELUCA,                  )
      Plaintiff                     )
                                    )
      v.                            ) CIVIL ACTION
                                    ) NO. 03-12592-REK
TOWN OF HINGHAM,                    )
HINGHAM BOARD OF HEALTH,            )
PETER B. BICKFORD, Chairman,        )
RAYMOND E. BEALE, JR.,              )
RUTH ANNE BECK,                     )
   Treasurer/Tax Collector,         )
BRUCE T. CAPMAN,                    )
   Executive Health Officer,        )
and FIRST HIGH STREET TRUST,        )
      Defendants                    )
_____)

**Memorandum and Order**
July 8, 2004

**I. Pending Matters**

Pending before this court are matters related to the following filings:

(1) Plaintiff's Rule 55(a) Request for Entry of Default (Docket No. 12, filed January 13, 2004), with Affidavit of Gaetano P. Deluca in Support of Plaintiff's Rule 55(a) Request for Entry of Default (Docket No. 13, filed January 13, 2004);

(2) Defendants' Motion for a Stay of Discovery (Docket No. 15, filed February 2, 2004);

(3) Plaintiff's Opposition to Defendants' Motion for a Stay of Discovery (Docket No. 18, filed February 5, 2004);

(4) Defendants' Motion for More Definite Statement (Docket No. 16, filed

February 2, 2004);

(5) Plaintiff's Opposition to Defendants' Motion for a More Definite Statement (Docket No. 17, filed February 5, 2004);

(6) Plaintiff's Rule 55(a) Request for Entry of Default (Docket No. 19, filed April 23, 2004).

## II. Plaintiff's Requests for Entry of Default

Plaintiff has filed two requests for entry of default. Neither request is opposed, but I nevertheless conclude that neither request has merit.

Rule 55(a) of the Federal Rules of Civil Procedure provides the following:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed.R.Civ.P. 55(a).

On January 13, 2004, plaintiff moved for an entry of default against defendant Raymond E. Beale, Jr. On April 23, 2004, plaintiff moved for an entry of default against defendants Town of Hingham, Hingham Board of Health, Office of the Collector/Treasurer, and Raymond E. Beale, Jr. Plaintiff contends that these defendants failed to plead or otherwise defend in response to a complaint that was served upon them on December 23, 2003.

I note first that "Office of Collector/Treasurer" is not a defendant in this civil action. As for the other defendants, I conclude for the following reasons that they did plead or otherwise defend in a timely manner.

Ordinarily, an answer to a complaint or an appropriate other responsive filing is due within twenty days of service of the complaint. The complaint was served upon defendants on December 23, 2003. On January 6, 2004, defendants timely filed a motion for extension of time to respond to the complaint. On January 12, 2004, this court granted defendants a thirty day extension. On February 2, 2004 (within the extended thirty-day period), defendants filed a Rule 12(e) motion, seeking an order for a more definite complaint. Rule 12(e) of the Federal Rules of Civil Procedure states:

> [A] party may move for a more definite statement <u>before interposing a responsive pleading</u>.

Fed.R.Civ.P. 12(e) (emphasis added). The Rule 12(e) motion is currently pending before this court. Defendants have no further obligation to respond until this court decides the Rule 12(e) motion. Thus, defendants have responded in a timely manner.

Accordingly, the Order below denies plaintiff's requests for entry of default (Docket Nos. 12 and 19).

### III. Defendants' Motions

**A. Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides the following:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).

A motion under Rule 12(e) is viewed with disfavor. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377, at 600 (1990). Such a motion "is granted sparingly since it is not to be used as a substitute for discovery in trial preparation." Town of Hooksett Sch. Dist. V. W.R. Grace & Co., 617 F. Supp. 126, 135 (D.N.H. 1984); see also Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989) ("The Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." (internal quotation marks omitted)). "Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint. . . . [They] properly [are] granted only when a party is unable to determine the issues he must meet." Cox v. Me. Mar. Acad., 122 F.R.D. 115, 116 (D. Me. 1988) (citations omitted). It is important to remember that a party may answer a complaint with very little detail: for a particular allegation, the party may offer a simple affirmation, denial, or statement that the party lacks sufficient information to respond.

The circumstances in the case at bar seem particularly ill-suited for a Rule 12(e) motion. Far from vague or ambiguous, the complaint is composed of 197 paragraphs over fifty-three pages full of specific dates and references to particular individuals.

In fact, most of defendants' contentions are directly contrary to the legal standard stated above. The vast majority of defendants' Rule 12(e) motion seeks more factual detail. But the defendants do not assert that plaintiff's complaint is unintelligible. As noted above, Rule 12(e) motions turn on unintelligibility, not on mere lack of detail. Moreover, the details that defendants seek do appear in the complaint. The allegedly vague paragraphs with which defendants take issue are in fact elaborated upon at other points in the complaint.

Some of defendants' contentions present a closer question, however. In particular,

defendants contend that the legal theory or theories advanced by plaintiff are, at times, impossible to discern. I find this contention persuasive. For example, though plaintiff has divided the complaint into separate "counts" (twenty-three total), these designations appear to carry little meaning. Unlike "counts" in the ordinary sense, these separate sections do not advance discrete claims, issues, or legal theories.

Only a very simple remedy is required. Plaintiff must add to his complaint a plain statement of the grounds upon which this court has jurisdiction to hear the case at bar. See Fed.R.Civ.P. 8(a). In my view, given the facts of this case, plaintiff's articulation of the basis for federal subject matter jurisdiction will sufficiently define the relevant issues and legal theory or theories so that defendants may respond to the complaint without risk of prejudice.

Accordingly, the Order below allows defendants' motion for a more definite statement (Docket No. 16) to the extent that plaintiff must add to his complaint a plain statement of the grounds upon which this court has jurisdiction to hear the case at bar.

**B. Motion for a Stay of Discovery**

In light of the rulings above, I conclude that discovery in this case should not proceed further until plaintiff has amended his complaint. The Order below accordingly allows defendants' motion for a stay of discovery (Docket No. 15) and stays all discovery in this civil action until the plaintiff has filed an amended complaint in compliance with this Memorandum and Order.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Rule 55(a) Request for Entry of Default (Docket No. 12) is DENIED.

(2) Defendants' Motion for a Stay of Discovery (Docket No. 15) is ALLOWED to the extent explained in the foregoing Memorandum.

(3) Defendants' Motion for More Definite Statement (Docket No. 16) is ALLOWED to the extent explained in the foregoing Memorandum.

(4) Plaintiff's Rule 55(a) Request for Entry of Default (Docket No. 19) is DENIED.

(5) The **Case Management Conference ("CMC") set for Tuesday, July 13, 2004 at 2:00 p.m. is cancelled.** A scheduling conference under Local Rule 16.1 is scheduled for **Wednesday, September 8, 2004 at 2:30 p.m.**

                                                                        /s/ Robert E. Keeton

                                                                        Robert E. Keeton
                                                 Senior United States District Judge