171. NOTES:  1.  AND THE LEACHING FIELD IS (100.+/-) AWAY FROM THE TEST PITS.
2. DELUCA WAS REJECTED AT LOT #8 AND THE BOARD OF HEALTH APPROVED THIS TYPE OF RESULT.
3. I WAS TOLD THE FIX WAS ON BY MR. CAPMAN.
4. THE PERCOLATION TESTS DONE AT THIS LOT FOR CHOO, ARE WORTHLESS. JUDGING WHAT WAS REQUIRED FROM THE PLAINTIFF.

172. The (4) four letters that the Board of Health sent to Plaintiff dated:

    March 11, 1987; April 21, 1987; May 6, 1987; and May 1, 1989.

    These Regulations were not in existence when the Plaintiff accomplished its Percolation Tests and applied for its permits. Thus, it shows the fraudulent demands that were bestowed on the Plaintiff by the Board of Health.

    Where was Sullivan, Bickford, Barry, Wadleigh, etc. when Mr. Choo was performing his percolation Tests?

173. FROM THE BEGINNING, THE BOARD OF SELECTMEN FAILED TO PROVIDE A CITIZEN OF THE TOWN OF HINGHAM THE PROTECTION IT EXPECTS UNDER THE CONSTITUTION FROM THREATS, HARASSMENT, DECEIT AND FRAUD FROM ITS OWN EXECUTIVE OFFICERS AND BOARD MEMBERS, (PLANNING, HEALTH, CONSERVATION COMMISSION) EVEN AFTER THE COURTS ISSUED RULINGS, THEY FAILED TO ACT AND THE SELECTMEN REMAINED SILENT.

### COUNT XV

174. The Plaintiff reaffirms and realleges Paragraphs 1 through 173 above.

175. From 1987 through 2003, I continually worked at all of the Lots and sent letters continuously to the Board of Health demanding that they issue the permits that they revoked without cause, and they never responded.

176. Because of the Board of Health's misconduct, I was unable to pay my tax bills. Thus, on or about November 5, 2003, the Tax Collector sent me a letter stating:

"THIS PROPERTY IS NOW A TAX POSSESSION OF THE TOWN OF HINGHAM." EVEN THOUGH I WAS ASSURED NO FORECLOSURE PROCEEDINGS WOULD OCCUR.

177. In addition, in the 2002 and 2003 Town Warrant a part of the Town taking was granted to a neighbor stating:

I have just received a copy of the Town of Hingham's Warrant and especially Article 34 deeding a parcel of this property to a Dr. and Mrs. Creager and stating in part:

"<u>IT CANNOT BE DEVELOPED UNDER CURRENT TOWN REGULATIONS AND IT IS LOCATED IN THE AREA CONTRIBUTING TO THE FULLING MILL POND AQUIFER.</u>" ETC.

This statement contained in the Town Warrant of 2003 is absolutely <u>not</u> true.

With regards to the Fulling Mill Pond Aquifier, there is positively no truth in this allegation, because the Plaintiff's Lot 1 was approved and the Board of Health issued a permit, a septic system was constructed and a home was built and sold.

Lot 2 and its proposed septic system is adjacent to Lot 1 and twenty (20) feet away from the Lot 1 septic system. The percolation testing was accomplished and approved.

See Paragraphs 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147 and 148

-46-

For this, and other reasons the Town of Hingham refused to issue the permits to the Plaintiff and making false accusations and allowing the abutters to falsely accuse this Developer.

### COUNT XVI

178. The Plaintiff reaffirms and realleges Paragraphs 1 through 177 above.

179. The Planning Board, by its Chairman, Alan Devine, conspired with Mr. Edward Lewicki, the Chairman of the Board of Selectmen, against the plaintiff.

    The facts and evidence supporting this claim of conspiracy are contained in the following paragraphs:

    See paragraphs   15, 16, 17, 18, 19, 20, 21, 22, 23,
                     24, 25, 26, 27, 28, 29, 30, 31, 32,
                     33, 34, 35, 36 and 37.

### COUNT XVII

180. The Plaintiff reaffirms and realleges paragraphs 1 through 179 above.

181. After the plaintiff was completed with his percolation testing, Mr. Raymond E. Beale, Jr., the Chairman of the Board of Health, conspired with others to take away permits and failed to issue other permits.

    See paragraphs 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147 and 148.

182. After the percolation testing was completed, the defendants, by its Chairman of the Board of Health, Raymond E. Beale, Jr., a Registered Professional Engineer (P.E.) and a Registered Land Surveyor (R.L.S.) who is knowledgeable with the Regulations of Title V conspired with others (Catherine L. Salisbury), Anita Barry, Peter B. Bickford, Gregory V. Sullivan and continued on with Mr. Bruce T. Capman, who became the Executive Health Officer on May 26, 1987. The following paragraphs will show how this group conspired and hurt the Plaintiff.

    See paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58. Also see 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 and 158.

## COUNT XVIII

183. The Plaintiff reaffirms and realleges Paragraphs 1 through 182 above.

184. After the percolation testing was completed at Lot 8, Lazell Street, the Board of Health, through its Chairman Raymond E. Beale, Jr., a Registered Professional Engineer (P.E.) and a Registered Land Surveyor (R.L.S.) who is knowledgeable with the Regulations of Title V conspired with others Peter B. Bickford, Gregory V. Sullivan and, Tuck Wadleigh to hurt the Plaintiff and reject his Percolation Tests. The following Paragraphs will show how this group conspired to hurt the Plaintiff.

    See paragraphs  35, 36, 160, 161, 162, 163, 164, 165,
                    166, 167, 168, 169, 170, 171, 172 & 173

## COUNT XIX

185. The Plaintiff reaffirms and realleges Paragraphs 1 through 184 above.

186. The Board of Health, Executive Officer Mr. Bruce T. Capman filed a false Sworn Affidavit against the Plaintiff in conspiracy with Pine duBois the Conservation Commission's Conservation Officer and others, for the purpose to hurt the Plaintiff.

   The facts and evidence supporting this claim of conspiracy are contained in the following Paragraphs:

   See paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83 and 84

## COUNT XX

187. The Plaintiff reaffirms and realleges Paragraphs 1 through 186 above.

188. The Conservation Commission's, Conservation Officer Ms. Pine duBois filed a false Sworn Affidavit against the Plaintiff in conspiracy with Mr. Bruce T. Capman the Board of Health's Executive Health Officer and others, for the purpose to hurt the Plaintiff.

   The facts and evidence supporting this claim of conspiracy are contained in the following Paragraphs:

   See paragraphs 86, 87, 88 and 89

## COUNT XXI

189. The Plaintiff reaffirms and realleges Paragraphs 1 through 188 above.

190. Peter B. Bickford conspired with Gregory Sullivan, David Barry, Tuck Wadleigh and others against the Plaintiff.

    The facts and evidence supporting this claim of conspiracy are contained in the following Paragraphs:

    See Paragraphs 91, 92, 93, 94 and 95

## COUNT XXII

191. The Plaintiff reaffirms and realleges Paragraphs 1 through 190 above.

192. Ms. Ruth Anne Beck the Treasurer/Tax Collector conspired with the Conservation Commission's Clifford Prentiss, the Chairman of the Board of Selectmen Philip Edmundson and Peter B. Bickford the Chairman of the Board of Health, against the Plaintiff.

    The facts and evidence supporting this claim of conspiracy are contained in the following Paragraphs:

    See Paragraphs 175, 176 and 177

## COUNT XXIII

193. The Plaintiff reaffirms and realleges Paragraphs 1 through 192 above.

194. From 1984 to the present, the plaintiff provided goods and services to the defendant, First High Street Trust on the Lots set out in this Complaint.

195. First High Street Trust promised and represented to the Plaintiff, that these Lots were approved and the monies due the plaintiff would be paid. In fact, First High Street Trust, used the Lots as security for all of the amounts due the plaintiff.

196. The defendant has failed to pay the Plaintiff anything for his work and for the goods and services provided by the plaintiff.

197. The value of the goods and services provided by the plaintiff is $4,500,000.00.

PLAIN STATEMENT OF JURISDICTION
PURSUANT TO RULE 8(a) OF THE FEDERAL RULES
OF CIVIL PROCEDURE
------------------------------------------

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and in compliance with Senior U.S. District Court Judge Robert E. Keeton's Order dated July 8, 2004, the plaintiff Gaetano P. DeLuca sets forth his Plain Statement of Jurisdiction.

STATEMENT OF JURISDICTION
-------------------------

The Jurisdiction of this Court is founded on the following:

   a. The defendants have violated the plaintiff's Civil Rights.

   b. The defendants have violated the plaintiff's Rights to Due Process.

   c. The defendants have discriminated against the plaintiff.

   d. The defendants have improperly taken the plaintiff's real property.

   e. The defendants have committed violations of Amendments V and XIV of the Constitution of the United States.


Wherefore, the Plaintiff prays that this Honorable Court find that the defendants Violated the Plaintiff's Rights and are accordingly, jointly and severally liable for all of the Plaintiff's damages, for example.

a. Return the property back to the Plaintiff.

b. Forgive the Plaintiff for all of the Taxes owed.

c. Reissue and/or grant the permits revoked and/or not issued.

d. Or in the alternative, award the Plaintiff damages in the sum of $4,500,000.00 plus Costs and Attorneys Fees.

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.

Dated:   July 12, 2004

Respectfully submitted,

_____
Gaetano P. DeLuca
140 High Street
Hingham, MA 02043