UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

| | |
|---|---|
| GAETANO P. DELUCA,<br>Plaintiff<br><br>v.<br><br>TOWN OF HINGHAM, HINGHAM<br>BOARD OF HEALTH, PETER B.<br>BICKFORD, CHAIRMAN, RAYMOND E.<br>BEALE, JR., RUTH ANNE BECK,<br>TREASURER/TAX COLLECTOR,<br>BRUCE T. CAPMAN, EXECUTIVE<br>HEALTH OFFICER and FIRST HIGH<br>STREET TRUST,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

### INTRODUCTION

The Defendants Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman, ("Defendants") have moved the Court to dismiss all counts of the First Amended Complaint (hereinafter "Complaint") because no count states a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). Accordingly, the Court should dismiss the Complaint and enter judgment in favor of the Defendants on all counts.

The Complaint does not allege a viable claim against any defendant under the civil rights laws of the United States or the Commonwealth of Massachusetts because it does not allege a facts which, if proved, establish a deprivation of a federally protected right, nor does it allege facts which establish an interference with any civil right under federal of state law by means of "threats,

intimidation or coercion." Moreover, many of the Plaintiff's claims are barred by the running of the three year statute of limitations applicable to the claims which the plaintiff is evidently trying to assert. Other counts of this multiple count Complaint contain allegations of fact and conclusions bearing no readily apparent relationship to the other paragraphs of those counts which is sufficient to establish liability on the part of any of the named Defendants.

The Complaint does not state a claim upon which relief can be granted. Accordingly, the Defendants respectfully move the Court to dismiss the Complaint in its entirety, or alternatively to dismiss those Counts of the Complaint which the Court agrees do not state a claim upon which relief can be granted.

## STATEMENT OF RELEVANT ALLEGATIONS

The Complaint, as pled, contains twenty three (23) counts and one hundred and ninety seven paragraphs (197) which allege liability for acts or omissions which allegedly span the years 1984 through 2003. Complaint, para. 3. The Plaintiff alleges that he owns a total of twelve (12) lots on five (5) different streets in Hingham Massachusetts. Complaint, para. 1. The Complaint appears allege liability in relation to various decisions by Town officials granting or denying permits to his properties and/or alleges liability in relation to his interaction with these Town Officials.

Although in many counts of the Complaint the property in question, the permit in question and the date the alleged conduct took place are not specified. However, in Counts IV, VI, X, XII, XIII, XIV, XV, XVII, XVIII the Plaintiff alleges liability for conduct which allegedly took place during or before 1998. Although the Complaint states in one or more locations that "the bell is still tolling as to the statute of limitations," See Complaint, para. 44, 49, 54, 59, 154 and 182 the rationale for this bald assertion is neither explained nor supported by applicable law.

The Complaint alleges that the defendants violated the Plaintiff's civil rights, right to due process, have discriminated against him, have taken his property and violated his fifth and fourteenth amendment rights. With the exception of Count I, no causes of action are identified in the Complaint.

## ARGUMENT

I. Standard of Review

Although the Court is required to view the facts as presented in the Complaint, and all reasonable inferences to be drawn therefrom, in a light most favorable to the plaintiff, "[t]he pleading requirements, though minimal, are not non-existent. Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 35 (1st Cir. 1996). Although for pleading purposes, the dividing line between sufficient facts and sufficient conclusions is often blurred, it nonetheless exists:

"It is only when [necessary] conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that "conclusions" become "facts" for pleading purposes." Id., at 53. The Court "need not credit purely conclusory allegations, indulge in rank speculation, or draw improbable inferences." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 736 (1st Cir.), cert. Denied, 515 U.S. 1103 (1995).

II. Counts IV, VI, X, XII, XIII, XI, XIV, XV, XVII, XVIII, XXI Do Not State A Claim Upon Which Relief Can Be Granted Because The Alleged Conduct Took Place Outside The Applicable Statute Of Limitations.

Absent extenuating circumstances not present in this case, the law does not permit the plaintiff to assert claims based on event which occurred more than three years before the plaintiff filed his Complaint. Since the Complaint contains numerous counts which allege only acts and

omissions which occurred between 1984 and 1998, and since the plaintiff first filed his Complaint on December 23, 2003 some five years after the last event alleged, the plaintiff has not stated a claim upon which relief can be granted and the Court should dismiss Counts IV, VI, X, XI, XII, XIII, XIV, XV, XVII, XVIII, XXI of the Complaint.

"Federal courts considering civil rights claims under section 1983 borrow personal injury limitations periods from state law." Jonker v. Kelley, 268 F.Supp.2d 81, 83 (D.Mass., 2004). See Wilson v. Garcia, 471 U.S. 261, 276-80, 85 L.Ed.2d 254, 105 S.Ct. 1938 (1985). In Massachusetts the statute of limitations period for personal injury actions is three years. M.G.L. c. 260, §2A. A cause of action accrues "at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim." Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001).

In the present case Counts IV, VI, X, XI, XII, XIII, XIV, XV, XVII, XVIII, XXI, allege incidences which took place between 1984 and 1998 which allegedly give rise to a cause of action. In Count IV, the Plaintiff appears to allege improprieties with regard to the promulgation of Board of Health Regulations which occurred in 1989 and 1990. Moreover, Plaintiff alleges "directives" were applied to him in 1987. The latest occurrence alleged in Count IV is in 1998 when Plaintiff alleges action was taken by the Board of Health regarding its regulations. Similarly, Count VI involves alleged actions by variously named and unnamed town employees that took place in 1987 and 1998. Counts X, XII, XIII, XIV, XVII, XVIII also address alleged conduct which occurred between 1984 and 1998. Clearly the alleged actions are outside of the three year statute of limitation applicable to 1983 actions or any tort action. Accordingly, the Court should dismiss these Counts.

At certain points in the Complaint, as if to acknowledge the bar to his claims posed by the statute of limitations, the plaintiff asserts that "the bell is still tolling as to the statute of limitations,"

4

See Complaint, paras. 44, 49, 54, 59, 154 and 182. "It is the plaintiff's burden to prove that tolling (of a statue of limitations) is warranted." Jonker, 268 F.Supp.2d at 86; See also Rivera-Gomez v. de Castro, 900 F.2d. 1, 3 (1st Cir.1990). In support of each assertion which the plaintiff makes that the three year limitations period has been tolled on events taking place 5 or more years earlier, the plaintiff states "notwithstanding, these Regulations were arbitrarily issued without validity. Thus, the bell is still tolling as to the statute of limitations." See Complaint, paras. 44, 49, 54, 59, 154 and 182. This assertion is incomprehensible, and even if taken to assert that enforcement of invalid "regulations" somehow tolled the limitations period, does not state a valid basis for tolling the limitations period.

The claims which the plaintiff would assert in Counts IV, VI, X, XI, XII, XIII, XIV, XV, XVII, XVIII, XXI are based entirely on events which allegedly occurred more than three years before the plaintiff filed suit. Accordingly, the plaintiff cannot prevail and the Court should dismiss these counts of the Complaint.

III.  The Court Should Dismiss Count I Because It Does Not State A Claim For Defamation Upon Which Relief Can Be Granted.

The Court should dismiss Count I of the Complaint which purports to state a claim for "libel and slander" because the Complaint does not state a claim against any of the Defendants upon which relief can be granted. The governmental defendant cannot be liable to the plaintiff for defamation or any other common law intentional tort as a matter of law. See M.G.L. c. 258, § 10(c). Moreover, the Court should dismiss Count I because it does not allege publication of any false and defamatory statement by any of the individuals named as Defendants.

"Defamation" is the publication of material by one without the privilege to do so, which

5

ridicules or treats the plaintiff with contempt. Petsch-Schmid v. Boston Edison Co., 914 F.Supp. 697, 705 (D. Mass. 1996); Correllas v. Viveiros, 410 Mass. 314, 319 (1991). To prove that the statement was defamatory and therefore actionable, the plaintiff must establish that publication of the derogatory statements caused her to be discredited in a "considerable and respectable class of the community." See Tropeano v. Atlantic Monthly Co., 379 Mass. 745, 751 (1980), quoting Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975); Muchnick v. Post Publishing Co., 332 Mass. 451, 454 (1955). The plaintiff must also prove that the defendant's alleged statements were false. Shaari v. Harvard Student Agencies, Inc., 427 Mass. 129, 131 (1998); Friedman v. Boston Broadcasters, Inc., 402 Mass. 376, 381 (1988); Restatement, Second, Torts, §581(a).

A.  The Governmental Defendants Cannot Be Liable To The Plaintiff For Defamation.

General Laws c. 258, § 10(c) exempts the Commonwealth and public employers such as the Town from liability from "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations." M.G.L. c. 258, § 10(c) The Supreme Judicial Court has construed this provision to exclude liability for *all* intentional torts from the coverage of the Tort Claims Act. Connerty v. Metropolitan District Commission, 398 Mass. 140, 149 n. 8 (1986).

As defamation is an intentional tort, the governmental defendants are immune to liability on Count I. Accordingly, the Court should dismiss Count I.

  B. <u>Count I Does Not Allege An False And Defamatory Statement Made By The Natural Person Defendants.</u>

The Court should dismiss Count I because it does not allege that any defendant published a false and defamatory statement concerning the plaintiff. Count I does not state a claim upon which relief can be granted.

The Complaint does not identify any statement by any member of the Board of Health which can provide the basis of a defamation claim. Rather it refers to the Board "allow[ing] the neighbors in concert with the Board of Health to slander and libel the plaintiff in making false statements . . ." See Complaint para. 7.

Since Count I does not allege that any natural person defendant published any false and defamatory statement of and concerning the plaintiff, which ridiculed or treated the plaintiff with contempt, the plaintiff has not pled the necessary elements of a defamation claim. Accordingly, the Court should dismiss Count I.

IV. <u>The Court Should Dismiss Counts II, III, V, VI, VII, VIII, IX, X, XI, XVI, XIX, XX, XXI, XXII Because They Do Not State A Claim Under Federal Or State Law Upon Which Relief Can Be Granted.</u>

The Court should dismiss Counts II, III, V, VI, VII, VIII, IX, X, XI, XVI, XIX, XX, XXI, XXII of the Complaint because none states a claim upon which relief can be granted. In the First Amended Complaint, the plaintiff provided clarification of the basis of his claim to federal jurisdiction.[1] These counts contain allegations of the vaguest variety, identifying neither the permits

---

[1] The plaintiff's statement of jurisdiction which this Court ordered the plaintiff to add to his Complaint does not elucidate the causes of action intended in each of the plaintiffs counts. However, the plaintiff has stated in support of his claim to federal jurisdiction that his "civil rights" have been violated; his "rights to due process"; that he has been "discriminated against";

or land in question, or any discernable causes of actions. Nevertheless, based on the plaintiff's statement of jurisdiction, the Defendants will treat these counts as intended to seek relief pursuant to 42 U.S.C., § 1983 for alleged deprivation of his Fourteenth Amendment rights to due process and to equal protection of laws. Even viewing the plaintiff's allegations generously, Counts II, III, V, VI, VII, VIII, IX, X, XVI, XIX, XX, XXI, XXII of the Complaint do not state a claim upon which relief can be granted.

> A. To The Extent Plaintiff Intends To Allege A Violation Of Substantive Due Process Or Equal Protection, No Claim Upon Which Relief Can Be Granted Is Stated.

Counts II, III, V, VI, VII, VIII, IX, X, XVI, XIX, XX, XXI, XXII of the Complaint do not state a claim upon which relief can be granted to the extent that they are purportedly based on a deprivation of substantive due process or equal protection. The Court should dismiss these counts of the Complaint.

The right to substantive due process guaranteed to citizens by the Fourteenth Amendment prevents "'governmental power from being used for purposes of oppression,' or 'abuse of government power that shocks the conscience,' or 'action that is legally irrational in that is not keyed to any legitimate state interests.'" Id., at 31-32 quoting Committee of U.S. Citizens in Nicaragua v. Reagan, 859 F.2d 929, 942 (DC. Cir. 1988) (citations omitted). "Even bad faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process." Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990). The "threshold for establishing the requisite 'abuse of government power' is extremely high." Nestor Colon Medina & Sucesores, Inc., v. Custodio, 964

---

that his property has been "improperly taken"; and that his fifth and fourteenth amendment rights have been "violat[ed]."

8

F.2d 32, 45 (1st Cir. 1994).

The Courts have repeatedly held that "rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process." PFZ Properties, Inc., v. Rodriguez, et al., 928 F.2d 28, 31 (1st Cir., 1991). Even where "state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation." Id. Even where "[governmental] actions that infringe on liberty or injure property in violation of some law" individuals are not necessarily protected under a substantive due process doctrine.

Moreover, the plaintiff cannot transmogrify his purported substantive due process claim into an equal protection claim by recharacterizing it as such. An "equal protection claim 'may be presented in situations involving gross abuse of power, invidious discrimination or fundamentally unfair procedures." PFZ Properties, Inc., 928 F.2d at 32, quoting Creative Environments v. Estabrook, 680 F.2d 832 n. 9. To prevail on such a claim, the facts must suggest, "discrimination based on an invidious classification such as race or sex, or allege the type of egregious procedural irregularities or abuse of power mentioned by Creative Environments as conceivably rising to the level of a federal equal protection violation." Id.; See PFZ Properties, Inc., *supra* (Allegation that corporation treated differently from others applying for a permit, did not rise to the level of an equal protection violation).

In the present case, the Complaint does not state any claims in any of his counts which rise to the level of an "abuse of government power that shocks the conscience and meets the high threshold of abuse of government power." In Count II, the plaintiff merely states that the Defendant

held redundant meetings. In Count V, the plaintiff alleges that a neighbor made false representations to the Board and that the Board "knew that the representations were false."

Plaintiff also fails to allege any Board action in violation of any of his rights. In Counts VI, VII, XIX, and XX, the Plaintiff alleges that certain town employees filed affidavits which inflated their qualifications. Plaintiff alleges that the purpose of the inflated qualifications was to "cheat him" or to "harm him." The plaintiff however, makes no claim as to how he was harmed by their actions. In Count VII, he concedes that it simply "appears" that the qualifications were inflated. regarding his qualifications, but does not allege anything more than the purpose of the inflated qualifications was to "harm him." Additionally, the paragraphs referenced by Plaintiff in support of Counts XIX and Count XX, deal with actions which took place in the 1980s–well outside the scope of the applicable three (3) year statute of limitations.

Count VIII, and Count XVI make amorphous references to a conspiracy evidently based on unnamed "defendants sending letters to the Board" to encourage them to deny permits. Additional allegations regarding attempts by unnamed defendants, at unnamed times, after unnamed meeting dates in New Hampshire to purchase unnamed property of the plaintiff. This count similarly fails to allege any particular action by the Defendant which would constitute the outrageous conduct necessary to constitute a substantive due process claim. Count X similarly references that the Plaintiff "disagrees with the Board's actions" and then proceeds to list permits granted and revoked in the 1980s–well outside the statute of limitations.

In Count III, Plaintiff alleges he was treated differently by the Board of Health regarding the percolation tests he was required to perform, and treated differently by the Planning Board.

However, the Plaintiff does not allege he is a member of a protected class, nor does the conduct he allege amount to more then accusations against two individuals, Tony Muzzi and Doug Patterson, who are not Town employees or officials. Furthermore, with regard to his allegations against the Planning Board, Plaintiff concedes that he appealed his denial by the Planning Board to the Superior Court where he prevailed. A denial of due process or equal protection is a specious claim where the individual alleging the deprivation has availed himself of the process he is entitled to and actually prevailed.

    B.    The Allegations Of The Complaint Do Not Established A Viable Claim Based On Deprivation of Procedural Due Process.

The plaintiff cannot establish liability based on deprivation of procedural due process by reason of denial of his applications for permit because he had no property or liberty interest in obtaining the permit(s) at issue. Accordingly, the Court should dismiss the Complaint.

A party seeking to prove a deprivation of procedural due process in support of a "claim under §1983 must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under the color of state law, deprived it of that property interest without constitutionally adequate process." PFZ Properties, Inc., v. Rodriguez, et al., 928 F.2d 28 (1st Cir., 1991). Federal courts have consistently rejected claimants' attempts to use civil claims under § 1983 as a means of review of actions taken by local zoning or licensing authorities. See Chiplin Enterprises, Inc. v. City of Lebanon, et al., 712 F.2d 1524 (1st Cir. 1983); Raskeiwicz v. Town of New Boston, 754 F.2d 38 (1st Cir. 1985); Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir.) cert denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). The Court of Appeals for the First Circuit has stated unequivocally "federal courts do not sit as a super zoning board or a

zoning board of appeals." Raskiewicz, 754 F.2d at 44.

It is well settled in the First Circuit that a procedural due process claim is not actionable unless the claimant can show that there is no adequate 'post-deprivation remedy' is available under state law." Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996); See Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981); Lowe v. Scott, 959 F.2d 323, 340-41 (1st Cir. 1992). This tenet, known as the "Parratt-Hudson doctrine," has been summarized by the First Circuit as follows:

> When a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, . . . the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of post-deprivation remedies provided by the state.

in Lowe v. Scott, 959 F.2d 323 (1st Cir. 1992). Thus, if a state provides adequate post-deprivation remedies -- either by statute or through the common-law tort remedies available in its courts -- no claim of a violation of procedural due process can be brought under § 1983 against the state officials whose random and unauthorized conduct caused the deprivation. Lowe v. Scott, 959 F.2d 323, 340-41 (1st Cir. 1992); Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). There is "no denial of procedural due process, even by the official," where the prerequisites of random and unauthorized conduct and adequate post-deprivation remedies are met. O'Neill v. Baker, 210 F.3d 41, 50 (1st Cir. 2000) quoting Herwins v. City of Revere, 163 F.3d 15 (1st Cir. 1998).

Even assuming arguendo, that the Plaintiff was able to establish that he had a property right in obtaining a permit from the Town for anyone of his properties, which he cannot do, the Complaint does not allege facts which suggest that he has been deprived of constitutionally adequate process by the Town in his dealings in furtherance of his quest for permits. Massachusetts law provided the plaintiff with a means for judicial review of all of the alleged denials of permitting decisions by the

12

defendants. In Count III, Plaintiff specifically pleads that he "appealed the Planning Board's rejection at the Plymouth Superior Court." Complaint, para. 19. Plaintiff also pleads that he prevailed in an action evidently filed in the Superior Court in which "Judge Byron in his decision ordered the defendants' to endorse the plan." Complaint, para. 23, and that the Board "finally [he] signed it." Complaint, para. 34. In Count IX, Plaintiff also pleads that he appealed action by the Town to the Department of Environmental Quality and Engineering[2] which issued an Order of Conditions. Complaint, para. 100. In Count XV, plaintiff concedes he received notice of the fact his property was taken by tax title. The availability of a statutory procedure which afforded the plaintiff the opportunity of judicial review of the denial of his alleged permits precludes recovery based on any alleged deprivation of procedural due process by the plaintiff.

Even if the issuing authority does not obey state law this does not necessarily give rise to a constitutional claim. Chiplin Enterprises, Inc., 712 F.2d at 1527, citing Paul v. Davis, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). A claim that denial of a permit or variance "was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully revieweable in the state courts." Id. Where a Complaint does not allege the unavailability of adequate state remedy, the Complaint is subject to dismissal. Smith v. Massachusetts Dept. Of Correction, 936 F.2d 1390, 1402 (1st Cir. 1991).

In the present case, the Complaint references the state law remedies the plaintiff has utilized

---

[2]The DEQE became the Department of Environmental Protection ("DEP") in 1990. Thus, any claims plaintiff may have regarding this count are barred by the statute of limitation since the DEQE did not exist after 1990.

13

–appeals to the Superior Court and the DEQE. That he has failed to avail himself of the procedures available to him for permits allegedly improperly revoked in the 1980s does not give rise to a constitutional claim for a violation of due process or a taking.

## CONCLUSION

For all of the above stated reasons, the Court should dismiss Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XI, XXII of the Complaint as none states a claim upon which relief can be granted.

        Respectfully Submitted,
        **Town of Hingham et al**
        By its attorneys

        _____
        James A. Toomey, BBO#550220
        William P. Breen, Jr. BBO# 558768
        Stacey G. Bloom, BBO# 566800
        MURPHY, HESSE, TOOMEY & LEHANE, LLP
        300 Crown Colony Drive, Suite 410
        Quincy, MA 02169
        (617) 479-5000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the above motion, she conferred in good faith with Mr. Deluca, pro se plaintiff, to narrow the issues raised by this motion.

_____
Stacey G. Bloom

## CERTIFICATE OF SERVICE

I, Stacey G. Bloom, Esq., hereby certify that on this 22nd day of July, 2004, I served a copy of the foregoing document via first class mail, upon the Gaetano DeLuca, pro se, 140 High Street, Hingham, MA 02043.

_____
Stacey G. Bloom