UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12592 REK

GAETANO P. DELUCA, )
)
    Plaintiff )
)
  v. )
)
THE TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, )
PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., )
RUTH ANNE BECK, TREASURER/TAX COLLECTOR, )
BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and )
FIRST HIGH STREET TRUST, )
)
    Defendants )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR A STAY OF DISCOVERY**

Now comes the plaintiff, Gaetano P. DeLuca, and respectfully opposes the defendants' Motion for a Stay of Discovery.

In support of this opposition, the plaintiff states the following:

I. BACKGROUND

This is an action brought by the pro se plaintiff, Gaetano P. DeLuca. On December 23, 2003, all Defendants were properly served and on December 23, 2003, the Town of Hingham was served notice of this action by Certified Mail.

Under the Federal Rules of Civil Procedure, the defendants were required to file their Answers to the Complaint within 20 days of service. Notwithstanding, on January 6, 2004, counsel for the defendants, filed a Motion to Extend Time to File a Response to the Plaintiff's Complaint. The defendants' Motion sought a thirty (30) day extension to answer. Despite the plaintiff's Opposition, on January 12, 2004, the Court granted the defendants' Motion. Accordingly, defendants' Answers were due on or before February 12, 2004.

In addition, on January 12, 2004, the plaintiff served Attorney Bloom a copy of his Automatic Disclosure Statement. A copy was also filed with the Court.
DeLuca's Affidavit, Exhibit 14.

On January 12, 2004, various discovery requests were served upon Attorney Bloom. These included Production and Interrogatory Requests of The defendants, Beck, Capman and Bickford. On January 13, 2004, by letter, Attorney Bloom acknowledged these discovery requests.
DeLuca's Affidavit, Exhibit 15.

On January 15, 2004, the plaintiff responded to Attorney Bloom's January 13, 2004 letter. Attorney Bloom has not replied. DeLuca's Affidavit, Exhibit 16.

On or about February 2, 2004, the defendants filed its Motion to Stay Discovery.

On July 8, 2004, the Court (The Honorable Robert E. Keeton) in its Memorandum and Order, Stayed Discovery until the Plaintiff filed its Amended Complaint.
DeLuca's Affidavit, Exhibit 4.

On July 12, 2004, the Plaintiff filed its Amended Complaint. Therefore:

1. The Defendant's Production of Documents were required to be served on the Plaintiff on or before August 13, 2004.

2. The defendants' Interrogatories were required to be served on the Plaintiff on or before August 31, 2004.

   Notwithstanding, no Discovery has been provided to the Plaintiff by the Defendants, to date.

   In lieu of Discovery the Defendants on July 22, 2004, filed a Motion to Dismiss.

   On August 4, 2004, the Plaintiff filed with the Court and the Defendants' its Opposition to the Defendant's Motion to Dismiss.

Moreover, the Plaintiff respectively argues that the Motions filed by the Defendants' on:

a.  02-02-04    For a More Definite Statement.

    02-05-04    Plaintiff's Opposition to the Defendants Motion for a more Definite Statement.

    07-08-04    The Court denied the Defendant's Motion and ordered a Stay until the Plaintiff Amended his Complaint. The Plaintiff complied on July 12, 2004.

b.  02-02-04    For a Stay of Discovery.

    02-05-04    The Plaintiff filed its Opposition to the Defendants Motion for Stay of Discovery.

    07-08-04    The Court denied the Defendant's Motion to Stay Discovery. The court ruled:

            Discovery is Stayed subject to the Plaintiff filing an Amended complaint on Federal Jurisdiction.

    07-12-04    The Plaintiff complied.

c.  08-12-04    The Defendant's filed for a Stay of Discovery for the second time.

    08-17-04    The Plaintiff filed its Opposition to the Defendant's Motion for its Second Stay of Discovery.

On August 12, 2004, the defendant's again filed their Second Motion to Stay Discovery, which is redundant and abuse of process, wherein the defendants' mis-read and/or mis-stated the Courts findings (using the defendant's numbering system) I respond, as follows: DeLuca's Affidavit, Exhibit 2.

-4-

1. The Court has already made its findings.
   See: The Courts Memorandum and Order dated July 8, 2004, at Page(s) 4 and 5.

2. Agreed. Except, see Item 6 below for the Plaintiffs response to the defendants mis-understanding of the Court's findings on its Motion for a More Definite Statement, and Motion to Stay Discovery.

3. Agreed. (No Exhibit Attached).

4. The Court has already made its findings.
   See: Page 5, "B. Motion for a Stay of Discovery."

5. Agreed, the Defendants disagreed and refused to comply.

6. The statements made by the defendants in this Paragraph are not true.

   As to the defendant's Motion for a More Definite Statement (Docket No. 16) is ALLOWED to the extent explained in the foregoing Memorandum.

   See the Courts explanation at Page 5, "Accordingly, the order below allows defendants' Motion for a More Definite Statement (Docket No. 16) to the extent that

the Plaintiff must add to his Complaint a plain statement of the grounds upon which this Court has jurisdiction to hear the case at bar."

On July 12, 2004, the Plaintiff submitted his Amended Complaint which complied with the Courts Order. Thus, the next part of the Court's Order is activated.

> "B.  MOTION FOR A STAY OF DISCOVERY
> In light of the rulings above, I conclude that discovery in this case should not proceed further until plaintiff has amended his Complaint. The Order below accordingly allows Defendants' Motion for a Stay of Discovery (Docket No. 15) and Stays all Discovery in this Civil Action until the Plaintiff has filed an Amended Complaint in Compliance with this Memorandum and Order." DeLuca's Aff., Exh. 4.

7.  Agreed.

8.  Agreed, the Plaintiff served on the Defendant Beale's Attorney Discovery consistent with the Courts Order to Stay Discovery until an Amended Complaint was filed. The Plaintiff complied on July 12, 2004, by filing his Amended Complaint. See DeLuca's Affidavit and Exh. 3.

9. The Court issued its Memorandum and Order dated July 8, 2004, at Page 5. "B. Motion for Stay of Discovery." Also see: Paragraphs 6 above and 12 below.

10. Agreed.

11. Agreed.

12. The Plaintiff disagrees wherein, the defendants have had in their possession for months the Discovery in question. Furthermore, the Court in its Memorandum and Order dated July 8, 2004, See Page 5 has ruled "B. Motion for a Stay of Discovery" and clearly details the chronology for the parties to conform.

Wherefore, the Plaintiff requests this Honorable Court to Deny the Defendants request and order them to produce the Documents and Interrogatories requested months ago.

"CERTIFICATION IN ACCORDANCE WITH LOCAL RULE 7.1

The Plaintiff did <u>not</u> confer with the Plaintiff on August 11, 2004, because the plaintiff was out of Town on this day.

On my return on August 12, 2004, I returned Attorney Bloom's call at (617) 479-5000, her voice mail stated Attorney Bloom will be out of the office on August 12 and 13, 2004.

I left a message that I was returning her call to me of August 11, 2004. DeLuca's Affidavit, Exhibit 1.

**RAYMOND E. BEALE, JR. INTERROGATORIES
SERVED ON THE PLAINTIFF, GAETANO P. DELUCA**

On August 11, 2004, Attorney Bloom produced interrogatories served on the Defendant Raymond E. Beale, Jr. However, they are non-responsive in part. DeLuca's Affidavit and Exh. 3.

II. ARGUMENT

A. THE COURT SHOULD NOT GRANT
   A STAY OF DISCOVERY

As set forth herein and in accordance with the Federal Rules of Civil Procedure and Local Rule 26.2, on January 12, 2004, the plaintiff filed and served his Automatic Disclosure Statement. However, in accordance with the Courts Memorandum and Order the Plaintiff now relies on the Courts Findings dated, July 8, 2004. DeLuca's Affidavit, Exhibit 14.

Thereafter, on January 12, 2004, the plaintiff then served various discovery requests upon defendants' counsel.

Under Local Rule 26.2, a party may commence discovery once he or she has made the automatic disclosures required by the Rule. However, the Plaintiff now relies on the Courts findings in its Memorandum and Order dated, July 8, 2004.

-8-

Although the defendant is correct that the Court has not yet convened a scheduling conference pursuant to Local Rule 16.1, there is nothing in the Local Rule that bars or prohibits the parties from conducting discovery prior to the scheduling conference.

In fact, Local Rule 26.1 encourages the parties to engage in cost effective discovery by means of voluntary exchange of information among litigants.

Under the Federal Rules of Civil Procedure, discovery is an ongoing process, and party may not simply delay answering interrogatories when all facts are known and theories finalized. Barker v. Bledsoe, 85 F.R.D. 545 (1979). The spirit of Rules 26-37 of the Federal Rules of Civil Procedure requires that discovery before trial be made whenever possible. Stark v. American Dredging Co., 3 F.R.D. 300 (1943).

In sum, the defendants' Motion to stay discovery is nothing more than an attempt to prevent the plaintiff from obtaining the discovery which he is entitled to under these Rules.

CONCLUSION

For all of the foregoing reasons the plaintiff prays that this Honorable Court deny the defendants' Motion to Stay Discovery.


Dated: August 17, 2004

Respectfully submitted,

Gaetano P. DeLuca
140 High Street
Hingham, MA 02043

CERTIFICATE OF SERVICE

I herein certify that all parties were served a copy of the attached by First Class Mail on August 17, 2004.


August 17, 2004

                                                _____
                                                Gaetano P. DeLuca