UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12592 REK

GAETANO P. DELUCA,                                                    )
                                                                     )
            Plaintiff                                                 )
                                                                     )
    v.                                                                )
                                                                     )
THE TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH,                         )
PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR.,                   )
RUTH ANNE BECK, TREASURER/TAX COLLECTOR,                              )
BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and                        )
FIRST HIGH STREET TRUST,                                              )
                                                                     )
            Defendants                                                )

---

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND RAYMOND E. BEALE, JR. INTERROGATORIES BEING NON-RESPONSIVE

---

Now comes the Plaintiff, Gaetano P. DeLuca, and submits his

Affidavit in Support of the Plaintiffs' Opposition to

1.  Defendants' Motion to Stay Discovery; and

2.  The Plaintiffs' Objections to Defendants Responses to the

    Plaintiffs' First Set of Interrogatories served on

    July 15, 2004.

-1-

3.  My name is Gaetano P. DeLuca and I have personal knowledge of the facts set forth herein.

**INTERROGATORIES ANSWERED BY
RAYMOND E. BEALE, JR. ON AUGUST 11, 2004
AND RECEIVED BY THE PLAINTIFF ON AUGUST 14, 2004**

1.  <u>Answer</u>

    Raymond E. Beale, Jr.

2.  <u>Answer</u>

    The defendant objects to this Interrogatory on the grounds that it is irrelevant to the subject matter involved in the pending action and not reasonably calculated to lead to the Discovery of admissible evidence.  DeLuca's Affidavit, Exh. 8, 9, 12 and 13.

3.  <u>Answer</u>

    The defendant objects to this Interrogatory on the grounds that it is irrelevant to the subject matter involved in the pending action and not reasonably calculated to lead to the Discovery of admissible evidence.  DeLuca's Affidavit, Exh. 8, 9, 12 and 13.

4.    Answer

The defendant objects to this Interrogatory on the
grounds that it is irrelevant to the subject matter
involved in the pending action and not reasonably
calculated to lead to the Discovery of admissible
evidence.    DeLuca's Affidavit, Exh. 8, 9, 12 and 13.

5.    Answer

The defendant objects to this Interrogatory on the
grounds that it is irrelevant to the subject matter
involved in the pending action and not reasonably
calculated to lead to the Discovery of admissible
evidence.    DeLuca's Affidavit, Exh. 8, 9, 12, 13 and 17.

6.    Answer

    a.    Objects, never met Barry.

       This response is false.

       DeLuca's Affidavit, Exh. 12, 13, and 17.

    b.    No answer.

    c.    Objects, never met Wadleigh.

       This response is false.

       DeLuca's Affidavit, Exh. 7, 9 and 13.

    d.    Objects, never met Gregory V. Sullivan.

       This response is false.

       DeLuca's Affidavit, Exh. 7, 8, 9 and 13.

-3-

7.  Answer

No, this response is false.

DeLuca's Affidavit, Exh. 11.  See Complaint, Para. 138.

8.  Answer

September 1, 1976.

However, the Board of Health did not comply with the
Regulations existing on September 1, 1976.

Complaint, Paragraphs  39 - 59, 62 - 66, 99, 101 - 115,
                       149 - 158, 177 and 181 - 184.

DeLuca's Affidavit, Exhibit 19.

9.  Answer

The defendant objects to this Interrogatory on the
grounds that it is irrelevant to the subject matter
involved in the pending action and not reasonably
calculated to lead to the Discovery of admissible
evidence.

This response is false.  The Percolation Season was open
from November 1984 through April 1985.  Therefore, the
DeLuca Percolation Testing and the Beale Percolation
Testing took place in the same Season.

DeLuca's Affidavit, Exhibit 5 and 19.

10. Mr. Beale did you send yourself while performing
Percolation Test at your Lot on Whiting Street (4)
letters dated March 11, 1987, April 21, 1987, May 6,
1987 and May 1, 1989.

-4-

Answer

I do not recall.

**This answer is patently false.** Mr. Beale did not send himself these letters or complied with the requirements contained in these letters.

Complaint, Paragraphs 39 - 59, 149 - 158.

See DeLuca's Affidavit, Exhibit 10.

The defendant objects to this Interrogatory on the grounds that it is irrelevant to the subject matter involved in the pending action and not reasonably calculated to lead to the Discovery of admissible evidence.

11.  Answer

The Defendant did not answer Interrogatory No. 11.

12.  Answer

   a.  The Defendant just answered "Objection". This answer is false.

   b.  Defendant answered, "I never installed this system". This response is false, someone installed the Septic System.

   c.  The Defendant did not answer this Interrogatory. See DeLuca's Affidavit, Exhibit 19.

13.  Answer

    a.  Yes.

    b.  Yes, extended to January 1988.  This answer is
        false.

        Complaint, Paragraph 153, DeLuca Affidavit, Exh. 9.

        The Board of Health denied an Extension.

14.  Answer

    a.  1982.

    b.  Mr. Beale please state for the record when you
        retired from the Board of Health.

    Answer

    1987.

    The Defendant must give the month and day when he
    retired.

    c.  Mr. Beale please state for the record when you
        (date) became Chairman of the Board of Health.

    Answer

    1986.

    This answer is patently false.
    _____

    Mr. Beale was Chairman from at least 1984.
    DeLuca Affidavit, Exhibits 5 and 6.

    d.   Mr. Beale please state for the record when you
          (date) left your position as the Chairman of the
          Board of Health.

<u>Answer</u>

1986.

This answer is patently false.
_____

Mr. Beale was at least Chairman of the Board of Health
until October 1987.

Complaint, Paragraphs 138 - 146.
DeLuca Affidavit, Tabs 11, 12 and 13.


15.  a.  <u>Answer</u>

      Yes.

      Complaint, Paragraphs 181 - 182.


    b.  <u>Answer</u>

      Yes.

      Complaint, Paragraphs 181 - 182.

16.  a.  Mr. Beale did you ever come out to view the testing
         on certain lots on Complaints of certain abutters.

     <u>Answer</u>

     Object.

     DeLuca Affidavit, Exhibit 8.

     b.  If your answer is in the Affirmative, please state
         the Lot(s) and when you inspected these tests.

     <u>Answer</u>

     Gave no answer.

     DeLuca Affidavit, Exhibit 8.


17.  a.  <u>Answer</u>

         The Defendant objects to this Interrogatory on the
         grounds that it calls for a legal conclusion which
         the defendant is not qualified to make.

         <u>This answer is patently false.</u>
         Complaint, Paragraphs 140 and 181 - 184.
         DeLuca Affidavit, Exhibit 13.

     b.  <u>Answer</u>

         The Defendant objects to this Interrogatory on the
         grounds that it calls for a legal conclusion which
         the defendant is not qualified to make.

-8-

This answer is patently false.

Complaint, Paragraphs 140 and 181 - 184.

DeLuca Affidavit, Exhibit 13.

c.  Answer

The Defendant objects to this Interrogatory on the grounds that it calls for a legal conclusion which the defendant is not qualified to make.

This answer is patently false.

Complaint, Paragraphs 39 - 59.

DeLuca Affidavit, Exhibit 13.

18.  Answer

The Defendant objects to this Interrogatory.  I guess when one reviews his other answers, judgement could be made.

Notwithstanding, the answers given by Mr. Beale of the Interrogatories is one of the reasons the Conspiracy paragraphs appear in my Complaint.  Therefore, the Plaintiff respectfully requests that this Honorable Court order the Defendant to re-submit his Answers to the Plaintiff in a truthful manner.

Signed under the pains and penalties of perjury this 17th
Day of August, 2004.