UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

| | |
|---|---|
| GAETANO P. DELUCA<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., RUTH ANNE BECK, TREASURER/TAX COLLECTOR, BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and FIRST HIGH STREET TRUST<br><br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

F I L E D
Clerk's Office
USDC, Mass.
Date 9-29-04
By _____
Deputy Clerk

## DEFENDANTS' SUPPLEMENT TO MOTION TO DISMISS

Defendants Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman, ("defendants") have moved the Court to dismiss all counts of the Complaint because no count states a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6).[1] Since moving this Honorable Court to dismiss said action, additional grounds for said dismissal came to light. Accordingly, the defendants sought

---

[1] To the extent the Court deems it appropriate to consider facts and evidence outside the Complaint for supporting documentation regarding the Plaintiff's ownership of said lots, the Defendants respectfully request that the Court treat their Motion to Dismiss as a Motion for Summary Judgment in accordance with Fed.R.Civ.P 12 (e), and enter summary judgment in favor of the Defendants on all counts of the Complaint.

1

leave of the Court to supplement their Motion to Dismiss to include additional arguments in support of dismissal. Accordingly, the defendants respectfully submit the present Defendants' Supplement To Motion To Dismiss and respectfully request that the Court consider the arguments raised in the supplement in addition to and in conjunction with their Motion to Dismiss previously filed.

The Complaint does not allege a viable claim against any defendant under the civil rights laws of the United States or the Commonwealth of Massachusetts because it does not allege a deprivation of a federally protected right, nor interference with any civil right under federal or state law. The Plaintiff has alleged violations of his civil rights in connection with his purported ownership of Lot 2 Lazell Street; Lots 18 (22), 20 (26), 33 (15), 34 (11) and 35 (9) Stagecoach Road; Lot 11 Hitching Post Lane; Lots 42 and 32 Rockwood Road; Lots 1 (1), 2A (3) and 5 (9) Andrews Isle. However, during the time that the alleged civil rights violations took place, the Plaintiff did not own any of these lots. Instead, these lots were held by a variety of real estate trusts who are not parties to the present lawsuit. (Attached Exhibits A & B). Moreover, since approximately 1996, these lots have been systematically taken by the Town by tax title proceedings under Massachusetts law for non payment of overdue real estate taxes. (Attached Exhibit A).

Even assuming *arguendo*, that the Plaintiff could establish that he has standing to assert a right of recovery for the various non-party real estate trusts which previously owned the Lots alleged in the Complaint, the claims which the Plaintiff would assert on behalf of these real estate trusts have been previously adjudicated on claims made by the real estate trusts in the Massachusetts state courts and thus such claims would be barred by principles of claim

2

preclusion. In 1999, the various real estate trusts which owned the lots in question brought suit Plymouth Superior Court against the Defendants alleging civil rights violations in connection with the same Lots as in the instant case and the same alleged permitting actions by the Defendants. Summary Judgment was awarded to the Defendants (the Town and various Town officials) (Attached Exhibit C) and the Trial Court's decision was upheld by the Appeals Court. Permitting the Plaintiff to assert claims. (Attached Exhibit D).

The defendants' Supplemental Memorandum in Support of Motion to Dismiss is filed with this Supplement to the defendants' Motion.

### Request for Oral Argument

The defendants respectfully request oral argument of their motion.

Respectfully Submitted,
**Town of Hingham et al**
By its attorneys

*/s/ Stacey G. Bloom*
James A. Toomey, BBO#550220
William P. Breen, Jr. BBO# 558768
Stacey G. Bloom, BBO# 566800
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the above motion, she conferred in good faith with Mr. Deluca, pro se plaintiff, to narrow the issues raised by this motion.

*Stacey G. Bloom*
Stacey G. Bloom

### CERTIFICATE OF SERVICE

I, Stacey G. Bloom, Esq., hereby certify that on this 29th day of September, 2004, I served a copy of the foregoing document via first class mail, upon the Gaetano DeLuca, pro se, 140 High Street, Hingham, MA 02043.

*Stacey G. Bloom*
Stacey G. Bloom