F I L E D
Clerk's Office
USDC, Mass.
Date 9-29-04
By /s/
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

|  |  |
|---|---|
| GAETANO P. DELUCA<br><br>Plaintiff<br><br>v.<br><br>TOWN OF HINGHAM, HINGHAM BOARD OF HEALTH, PETER B. BICKFORD, CHAIRMAN, RAYMOND E. BEALE, JR., RUTH ANNE BECK, TREASURER/TAX COLLECTOR, BRUCE T. CAPMAN, EXECUTIVE HEALTH OFFICER and FIRST HIGH STREET TRUST<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendants Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman, ("Defendants") have moved the Court to dismiss all counts of the Complaint because no count states a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). The Defendants' Motion to Dismiss with accompanying Memorandum of Law was filed on July 12, 2004. After the Defendants filed their Motion to Dismiss, they acquired additional information concerning the lots which are the subject of the Complaint and which the Plaintiff claims to own (Complaint, par. 2) which proves that the

1

Plaintiff is not the owner of any of the lots at alleged in the Complaint, nor did he have a property interest in these lots at any time relevant to the allegations of the Complaint. The Defendants sought and obtained the Court's leave to supplement their Motion to Dismiss by adding additional grounds for dismissal. The Plaintiff lacks standing to assert a claim based on purported property rights in the subject lots. The claims which the Plaintiff asserts in the present lawsuit were fully and finally adjudicated in a lawsuit filed by the record owners of the subject lots in the Massachusetts state courts. Accordingly, the Defendants now file this Supplemental Memorandum of Law in further support of its Motion to Dismiss.

## STATEMENT OF RELEVANT ALLEGATIONS

The Complaint, as pled, contains twenty three (23) counts and one hundred and ninety seven paragraphs (197). The Plaintiff alleges that he owns a total of twenty (20) lots on five (5) streets in Hingham, Massachusetts. The Complaint alleges liability for civil damages arising out of the alleged conduct of Hingham Town officials in granting or denying permits for the development of the subject properties beginning in 1984 and ending in 1998. In most counts, the property in question, the permit in question and the date the alleged conduct took place are not specified. The Complaint alleges in substance that the Defendants violated the Plaintiff's civil rights by depriving him of his right to due process, discriminated against him, took his property and violated his Fifth and Fourteenth Amendment rights. With the exception of Count I, no count of the Complaint specifies the legal basis of the Plaintiff's claim.

The Lots identified in the Complaint are Lot 2 on Lazell Street; Lots 18(22), 20 (26), 33 (15), 34 (11) and 35 (9) Stagecoach Road; Lot 11 Hitching Post Lane; Lots 32 and 42 Rockwood

2

Road; Lots 1 (1), 2A (3) and 5 (9) Andrews Isle.[1] All of the lots are located in Hingham, Massachusetts.

The Plaintiff does not own the lots which are the subject of the Complaint. Rather, the subject lots were owned by various trusts and corporate entities prior to the taking of the lots through tax title proceedings in the Massachusetts state courts: Yankee Compact Realty Trust[2] and owned 9, 22, and 26, Stagecoach Road; Farm Estates Realty Trust[3] owned 11 Stagecoach Road; JAD Limited owned 2 Hitching Post Lane and 90 Lazell Street; First High Street Trust[4] owned 32 Rockwood Road and all of the properties on Andrews Isle. (Attached Exhibit A &B)

In 1997, title to 90 Lazell Street was transferred away from the real estate trust that had owned this property through tax title proceedings adjudicated in the Massachusetts state court. Between 1996 and 2004 title to all of the Andrews Isle lots were taken by tax title; and in 2003, 32 Rockwood Road, 2 Hitching Post Road and numbers 2, 11, 26, 22, and 9 Stagecoach Road was transferred away from the real estate trust that had owned this property through tax title proceedings adjudicated in the Massachusetts state court. The Massachusetts state courts have issued final decrees with respect to each of these lots. There is a foreclosure pending for 15 Stagecoach Road; and an instrument of taking has been issued in May 2000 and the property was

---

[1] These lots correspond to the following addresses: 90 Lazell Street; 32 and 42 Rockwood Road; 2 Hitching Post Road; 11, 22, 26, and 9 Stagecoach Road; and 1, 3, and 9 Andrews Isle.

[2] Trustee is Diane F. Hutchison, who is also the pro se representative of the Co-Defendant in the instant case for High Street Trust.

[3] Trustee is Maria C. Deluca.

[4] Trustee Diane F. Hutchison. The ownership of this parcel clearly presents the novel issue that the co-Defendant seems to be the real party in interest to assert a claim and is yet named as the Defendant.

auctioned off by the Town. (Attached Exhibit A)

In March 2004, JAD, Limited filed an action in Land Court which alleged that "JAD Limited "is a duly established business located in Hingham, MA, Plymouth County and at all times material hereto was the record owner of land in Hingham, MA, Plymouth County known as Lot 2, 90 Lazell Street." (Attached Exhibit A, Complaint No. 297856). The Complaint further alleges that JAD had attempted to develop Lot 2 and that the "town of Hingham continually refused and even consider[ed] granting permits to the plaintiff." (Attached Exhibit A). On August 12, 2004, the Court (Piper, J.) dismissed JAD's complaint stating that

> "JAD did not contest, that JAD is no longer an incorporated entity in the Commonwealth. It is undisputed that JAD Limited . . . . involuntarily dissolved by the Secretary August 31, 1998, and for which no one has filed any request for revival." (Attached Exhibit A).

Order, p. 2.   JAD did not contest its lack of ownership of the Lazell Street lot at the hearing on said motion to dismiss. As noted in the Court Order "JAD's counsel expressly stated that JAD was not interested in reacquiring title to the property at issue. He disclaimed any intention to move in the tax foreclosure proceeding in that court (T.L.No. 112084) for vacation of Justice Green'ts final judgment of foreclosure, dated July 7, 1997." (Attached Exhibit A).

In June 1999, The First High Street Trust filed a Complaint in Plymouth Superior Court against the Town of Hingham, the Hingham Board of Health, David Bennett, Acting Chairman and the Hingham Conservation Commission, Mario Romania, Jr. Chairperson. (Attached Exhibit B). In its Complaint the Plaintiff alleged that it "is the record owner and/or the Holding Company of various lots of land in Hingham, Massachusetts, Plymouth County. The aforesaid lots are described as follows:  Lot 2, Lazell Street; Lots 18 (22), 20 (26), 33 (15) & 35 (9) Stagecoach Rd., Lot 11, Hitching Post Lane; Lots 42, 32, Rockwood Road; Lots 1(1), 2A (3) and 5 (9),

4

Andrews Isle; Lot 34 (11), Stagecoach Road." (Attached Exhibit B, Complaint par. 1). On January 23, 2001, the Court granted the Plaintiff's Motion to Join/and or substitute as Plaintiffs JAD, Limited; Farm Estates Realty Trust; and Yankee Compact Realty Trust. (Attached Exhibit D). In the Amended Complaint, the plaintiff alleged that "[a]ccordingly, from March, 1997 through approximately November, 1998, the plaintiff attempted to develop plans, designs and methods of developing the lots to the satisfaction of the defendants." (Attached Exhibit B, Amended Complaint par. 8.). The Amended Complaint alleged that the defendants had violated the Plaintiffs' civil rights and property rights, (Attached Exhibit B, Amended Complaint par. 13). The plaintiffs and defendants filed cross motions for summary judgment and a hearing was held. After a hearing, the Court (Troy, J) awarded summary judgment in favor of the Defendants holding that:

> "The three year S.O.L. Runs from the accrual of the action [citations omitted]. In this case, the. pltffs cause of action accrued wth defts. Denied/revoked the requested permits in the 1980s. Plts had the right to appeal and did so unsuccessfully to the DEQE, Superior Court and Mass.Appeals Court in the late 1980s and early 1009's [sic]. This action, filed on 04/26-99 is time barred. The fact that defts continued to deny the permits in the 1997-8 after Claremont entered the picture did not create a new 'accrual' of the action with a new S.O.L. It is not availing to pltff that it has recast its claims in the form of Civil Rights or as against individual defts." (Attached Exhibit C).

The Plaintiff's appealed the Superior Court's judgment to the Appeals Court (03-P-681). On March 29, 2004, the Court affirmed the Superior Court's judgment. (Attached Exhibit D)

## ARGUMENT

I.  The Court Should Dismiss The Complaint Because The Plaintiff Is Not A Party In Interest And Lacks Standing To Maintain A Claim In Relation To The Subject Lots.

Rule 17 (a) of the Federal Rule of Civil Procedure states in relevant part that an action must be prosecuted "in the name of the real party in interest." Fed.R.Civ.P. 17 (a). Analysis of

5

whether a party is a "real party in interest" is often indistinguishable from a standing analysis. Fed.R.Civ.P. 17 (a); See Swanson v. Bixler, 750 F2d 810, 813 (10th Cir.1984) (noting that the question whether a party is a real party in interest is 'generally' determined by looking at whether she has standing under state law). Under Massachusetts law, a party has standing to bring suit only if he has suffered an invasion of a legally protected interests. See Clymer v. Mayo, 393 Mass. 754 (1985). A party is "a real party in interest" if "under the relevant substantive law creating the right being sued upon, the suit has been commenced by a party holding the substantive right to relief." MHI Shipbuilding, LLC et al v. Nat'l Fire Ins. Company of Hartford, 286 B.R. 16 (D.Mass. 2002).

Standing requirements are drawn from "two sources: constitutional and prudential." Ozonoff v. Berzak, 744 F.2d 224, 227 (1st Cir.1984). As stated in Ozonoff, "the principles of standing determine whether a particular plaintiff is the type of person whom the law intends to protect against the type of harm of which he complains." Id. The constitutional standing requirements "come from Article III 'case or controversy' requirements; the prudential requirements are a matter of judicial self restraint." Quincy Cablesystems, Inc. et al. V. Sully's Bar, Inc., et al., 650 F.Supp. 838, 842 (D.Mass. 1986). In order to demonstrate standing to assert a claim for the purpose of constitutional 'case or controversy' requirements, a plaintiff must prove three elements: (1) the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest that is both concrete and particularized, and actual or imminent; (2) a causal connection between the injury and the conduct of which the plaintiff complains; and (3) there must be redressibility. Id. The prudential limitations on a party's standing to sue fall under a two part test to determine a party's standing. Id. See also Data Processing Service v. Camp,

the evidence, that a person acting under color of state law deprived her of a constitutional or federally-protected right. 42 U.S.C. § 1983; Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994). A plaintiff asserting a claim to recover under § 1983 must allege and prove demonstrate "actual or threatened injury of some kind *to himself* directly resulting from the defendants' actions. (emphasis added). Jackson v. Sargent, 394 F.Supp. 162 (D.Mass. 1975). A generalized interest which is not fundamentally different from members of the public who may be troubled by governmental action does not suffice to confer standing. Id., at 169. Rather, "a party must allege 'a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues . . .'" Demarzo v. Cahill, 575 F.2d 15, 18 (1st Cir.1978).

In the instant case, the Plaintiff cannot prove that he sustained any injury personal to him as a result of the Defendant's alleged actions which would satisfy either the constitutional standing requirement of injury or the prudential standing requirements of falling within a zone of statutory protections. Although the Complaint alleges he is the owner of the lots which are the subject of the Complaint, the Plaintiff does not and did not own the lots at issue at any material time. Proof that said lots were not owned by Plaintiff is established by pleadings in Plymouth Superior Court case C.A. No. 99-0493B (Attached Exhibit B) and in Land Court case Misc. 297856. (Attached Exhibit A). In the Superior Court matter, the Complaint alleged that the defendants have violated the Plaintiffs' civil rights and property rights, (Attached Exhibit B, Complaint para 13). In Land Court matter the Complaint brought by JAD, Limited, as owner of Lot 2, 90 Lazell Street, JAD alleges that "it was all times material hereto [was] the record owner of land in Hingham, Massachusetts, Plymouth County known as Lot 2, 90 Lazell Street." (Attached Exhibit A, Complaint, par. 1). The Complaint alleges that "over the years, JAD's

8

efforts in this regard [to gain approvals to construct a single family home on the locus] were unsuccessful as the Town of Hingham continually refused and even consider granting permits to the plaintiff." (Attached Exhibit A, Complaint, par. 4). Plaintiff was seeking money damages in the Land Court matter for the taking in a tax title proceedings of Lot 2, 90 Lazell Road in 1997. The Court, (Piper, J.) dismissed complaint on the grounds that JAD, Limited was involuntarily dissolved more than three years before the instant action was instituted in its name and because the Court lacked jurisdiction to award money damages for a taking in tax title. (Attached Exhibit A).

Additionally, the lots in question are no longer owned by entities which once allegedly owned the lots. Beginning in 1997 with lot 2, 90 Lazell Road, the Town of Hingham began taking the properties by tax title proceedings for failure to pay property taxes. In 1997 final judgment was rendered Lot 32 Rockwood Road; Lots 18, 20, 34, and 35 Stagecoach Road and Lot 11 Hitching Post Road. The Judgements were recorded in the Plymouth County Registry of Deeds. The one year period of time for reclamation of the property in accordance with M.G.L. c. 60, §69A, passed without any action taken by the trusts to reclaim the property. (Attached Exhibit A).

Plaintiff's Complaint attempts the redress of certain actions by the Defendants under color of state law against his property. However, the plaintiff cannot allege a "personal stake in the outcome of the controversy" as he has no personal stake as he is not the record owner of the property. Without said property interest, plaintiff cannot allege no violations f any of his constitutionally protected rights. Without a property interest, Plaintiff's interest is a generalized one and the alleged actions by the Town could not have affected legally protected interests which

9

he did not have. A further inquiry regarding the zone of interests protected by the statute is unnecessary absent a showing that the Plaintiff has a protected interest. Without any interest in the property, the Plaintiff cannot fall within the zone of protections for said interest.

    B.    The Claims Which The Plaintiff Asserts In The Present Lawsuit Were Raised By The True Owners Of The Lots At Issue In An Earlier State Court Proceeding And Were Fully And Finally Adjudicated Against The Owners.

To the extent that the Plaintiff would assert unity of interest with the true owners of the lots alleged in his Complaint, several real estate trusts in which relatives of the Plaintiff are trustees or beneficiaries, the claims which the Plaintiff asserts were fully adjudicated in the Massachusetts state courts prior to the Plaintiff's commencement of the present action. Thus, to the extent that the Plaintiff may seek to relitigate claims previously decided in the state courts based on unfounded claim of ownership, or in a putative representative capacity for the true owner, relitigation of these claims is barred by well settled claims of issue preclusion and/or claim preclusion.

Federal law establishes that "judicial proceedings of any court . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. §1738. The law requires that federal courts "treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 372, 116 S.Ct. 873, 134 L.Ed.2d 6 56 (1984). See also Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 50-51 (1st Cir.1997). This claim preclusive effect applies even if the first case raised a federal question or asserted federal constitutional rights. Lynch v. Board of State Examiners of Electricians, 218 F.Supp.2d 3, 5

10

(D.Mass. 2002). When a judgment is rendered in a Massachusetts court, the Massachusetts standards apply to claim preclusion. Id.

The doctrine of claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation on all matters that were or *should have been* adjudicated in the action." Heacock v. Heacock, 402 Mass. 21, 21, (1988) (Emphasis added). When each party "has had the incentive and opportunity to litigate the mater fully in the first lawsuit" claim preclusion applies. Id., at 23-24 quoting Foster v. Evans, 384 Mass. 687, 696 n. 10 (1981). In order to assert claim preclusion three criteria must be met: "(1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits." Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994).

As stated above, the Plaintiff did not own the subject lots. Even assuming that the Plaintiff could prove standing to assert claims against the Defendants on behalf of the true owners of the lots, various real estate trusts,[6] the claims asserted by the Plaintiff in the present lawsuit in his own behalf against the Town and certain Town officials were previously litigated, or could have been litigated in prior state court litigation and conclusively decided against the true owners of the property.

1. Claims Identical Or Substantially Identical To The Claims Raised In The Present Complaint Were Asserted By The Record Owners Of The Subject Lots And Fully Adjudicated In A Lawsuit Filed In 1999 In The Plymouth Superior Court.

In June 1999, The First High Street Trust filed a Complaint in Plymouth Superior Court

---

[6]JAD Limited, Yankee Compact Realty Trust, First High Street Trust, and Farm Estates Realty Trust.

11

against the Town of Hingham, the Hingham Board of Heatlh, David Bennett, Acting Chairman and the Hingham Conservation Commission, Mario Romania, Jr. Chairperson. In its Complaint the Plaintiff alleged that it "is the record owner and/or the Holding Company of various lots of land in Hingham, Massachusetts, Plymouth County. The aforesaid lots are described as follows: Lot 2, Lazell Street; Lots 18 (22), 20 (26), 33 (15) & 35 (9) Stagecoach Rd., Lot 11, Hitching Post Lane; Lots 42, 32, Rockwood Road; Lots 1(1), 2A (3) and 5 (9), Andrews Isle; Lot 34 (11), Stagecoach Road." (Attached Exhibit B, Complaint par. 1). On January 23, 2001, the Court granted the Plaintiff's Motion to Join/and or substitute as Plaintiffs JAD, Limited; Farm Estates Realty Trust; and Yankee Compact Realty Trust. (Attached Exhibit D). In the Amended Complaint, the plaintiff alleged that "[a]ccordingly, from March, 1997 through approximately November, 1998, the plaintiff attempted to develop plans, designs and methods of developing the lots to the satisfaction of the defendants." (Attached Exhibit B, Amended Complaint, para. 8.) The Amended Complaint alleged that the defendants had violated the Plaintiffs' civil rights and property rights. (Attached Exhibit B, Amended Complaint, para. 13). The Plaintiffs and Defendants in the state court lawsuit filed cross motions for summary judgment and a hearing was held. After a hearing, the Court (Troy, J) awarded summary judgment in favor of the Defendants holding that

> "The three year S.O.L. Runs from the accrual of the action [citations omitted]. In this case, the pltffs cause of action accrued wth defts. Denied/revoked the requested permits in the 1980s. Plts had the right to appeal and did so unsuccessfully to the DEQE, Superior Court and Mass.Appeals Court in the late 1980s and early 1009's [sic]. This action, filed on 04/26-99 is time barred. The fact that defts continued to deny the permits in the 1997-8 after Claremont entered the picture did not create a new 'accrual' of the action with a new S.O.L. It is not availing to pltff that it has recast its claims in the form of Civil Rights or as against individual defts'." (Attached Exhibit C).

12

The plaintiffs appealed the Superior Court's judgment to the Appeals Court (03-P-681). On March 29, 2004, the Appeals Court affirmed the Superior Court's ruling. (Attached Exhibit D). The Complaint in the Superior Court action and the alleged claims are the same or substantially similar to the claims asserted by the Plaintiff in the instant case.

The Superior Court action involves the same lots as those which are alleged in the instant case. The Superior Court action involves the permitting issues attendant to these lots during the years 1985 through 1998: "Commencing in 1985 and continuing through 1998, the plaintiff sought to develop and obtain permits for the subject lots in order to build single family homes on each lot." The Superior Court action alleges that the Plaintiff's property and civil rights were violated as a result of actions and inactions of the named Defendants with regard to the lots in question: "the defendants' actions in this regard are a violation of the plaintiff's property right and civil rights." (Attached Exhibit B). The Superior Court awarded summary judgment in the case for the Defendants stating that ". . . It is not availing to pltff that it has recast its claims in the form of Civil Rights or as against individual defts'." (Attached Exhibit C). The Appeals Court affirmed this judgment. (Attached Exhibit D).

Notwithstanding of the state court's adjudication of the true owner's claims regarding the lots in question, the Plaintiff filed the present federal case in December 2003. The Complaint alleges claims involving the same lots in the Superior Court matter. Although the Plaintiff stated that he was not aware of the claim asserted by the true owners of the lots at issue as recently as the September 2004 status conference, Paragraphs 3, 4, 5, 6 of the Complaint contain statements of fact <u>identical</u> to those made in the Amended Complaint in the owners' state court lawsuit. All of the acts and events alleged in the present federal court lawsuit are alleged to have occurred in

13

the 1980s and 1990s before the owners initiated their state court lawsuit. Also, as in the Superior Court action, the Plaintiff attempts to thwart the statute of limitations by vaguely alleging continuing violations. However, in its Order the Appeals Court dismissed these allegations and affirmed the Superior Court's judgment. (Attached Exhibit D).

"Final judgment on the merits of an action bars the parties or their privies from relitigating claims that were or could have been raised in that action." Porn v. National Grange Mut. Ins. Co., 93 F3d 31, 34 (1st Cir.1996). In substance, the state court action filed in 1999, litigated to final judgment and affirmed on appeal in 2004, and the present lawsuit are the same claim. The allegations complained of in both lawsuits involve the same property, involve the same series of permitting decisions, and allege the same causes of action.

To the extent that the Plaintiff asserts the present claim based on purported unity of person or of interest with the owners of the subject lots, the first element of claim preclusion is satisfied. The state court plaintiffs, several trusts in which the Plaintiff's relatives were trustees and/or beneficiaries, had standing to assert claims based on their evident property interest in the subject lots. The Plaintiff has no property right in the subject lots. Even if the Plaintiff were permitted to assert a claim as a representative of the owners of the lot, over the Defendants' objection, he would be bound by the legal result of prior adjudication of those claims. Moreover, the Defendants in the state court lawsuit and the present lawsuit are for all intents and purposes the same: the Town of Hingham and members of the Town of Hingham Board of Health acting in their capacity as members of the Board of Health. While the Conservation Commission is a named entity in the first action and the Planning Board a named entity in the second action, this additionally named Defendant is does not destroy the privity requirement for claim preclusion.

14

The claims asserted in both lawsuits are also the same. Both Complaints explicitly allege a violation of the Plaintiff's civil rights and property rights by the Defendants. In the Superior Court case the Plaintiff states that "the defendants' actions . . .are a violation of the plaintiff's property rights and civil rights." (Attached Exhibit B, Amended Complaint par. 13). In the instant case the Plaintiff alleges a violation of his civil rights based on the same set of factual allegations on the same lots of land.

Finally, it is without question that a final judgment on the merits of the Superior Court case entered in April 2003, after a hearing on the merits. The Appeals Court affirmed the Trial Courts ruling on Summary Judgment stating that "[a]s the plaintiffs failed to file a timely claim, the Superior Court judge's decision to allow summary judgment was correct." (Attached Exhibit D). Moreover, it is also without question that the instant federal action alleges no new set of facts regarding the Lots in question. All of the permitting activity alleged in the federal action is the same permitting activity alleged in the Superior Court action. The Plaintiff is attempting to "get a second bite at the apple" in the filing of the federal case. It is an attempt to relitigate what has already had its day in court. Further attempt to drag the same defendants and force defend actions more than twenty years old.

## CONCLUSION

The Court should dismiss the present lawsuit because the Plaintiff was not an owner of the property at issue lacks standing to assert claims as a real party in interest. To the extent that the Plaintiff would assert a claim based on unity of identity or interest with the real estate trusts who actually owned the lots at issue, his claim is precluded by the final adjudication of the claims made in the present lawsuit which were alleged in a state court proceeding by these same real estate trusts.

Further, the Court should dismiss all counts of the Complaint for all of the reasons asserted in the Defendants' original motion to dismiss and argued in the Defendants' memorandum of law, which grounds and arguments the Defendants incorporate by reference.

                Respectfully Submitted,

                **Town of Hingham et al**
                By its attorneys

                */s/ Stacey G. Bloom*
                James A. Toomey, BBO#550220
                William P. Breen, Jr. BBO# 558768
                Stacey G. Bloom, BBO# 566800
                MURPHY, HESSE, TOOMEY & LEHANE, LLP
                300 Crown Colony Drive, Suite 410
                Quincy, MA 02169
                (617) 479-5000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the above motion, she conferred in good faith with Mr. Deluca, pro se plaintiff, to narrow the issues raised by this motion.

*/s/ Stacey G. Bloom*
Stacey G. Bloom

## CERTIFICATE OF SERVICE

I, Stacey G. Bloom, Esq., hereby certify that on this 29th day of September, 2004, I served a copy of the foregoing document via first class mail, upon the Gaetano DeLuca, pro se, 140 High Street, Hingham, MA 02043.

*/s/ Stacey G. Bloom*
Stacey G. Bloom