* The Plaintiff in its Opposition, respectfully requests that the Court combine its Argument raised in its first Opposition dated, August 4, 2004, with this Opposition dated, October 13, 2004.

* The Defendants' Argument that the Plaintiff did not own these Lots is false and the Plaintiff, contrary to the Defendants allegations, the Plaintiff did own the Lots during the defendants Civil Rights Violations against the Plaintiff.

* In the last Paragraph the Defendants argue these Lots were adjudicated, this allegation is false. This Complaint has a different party and different arguments of who owned and paid millions of dollars in developing costs. These losses to the Plaintiff were caused by the Defendants bad conduct and abuse of authority.

                                                    Book Nos. 1, 2, 3, 4 and 5

### PLAINTIFFS OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

* The additional information the Defendants alleged to have acquired, is wrong.

-19-

* The Lots are owned by the Plaintiff and the Parties and Ownership are different opposed to any other Lawsuit the Defendant is talking about. **Complaint, Par. 1 and 11**

  **Book No. 1, Par. 1 and 2**

* The Defendants are wrong. In that, the dates 1984 and ending in 1998, should read: 1984 to 2001.

  **Book No. 1, Exhibit 22**

* The permit and conduct in question and the date the alleged conduct took place are not specified. This is wrong.

  |                                    | Book No. 1, Exhibits 2 - 25 |
  | Lot 18, Stagecoach Road,           | Book No. 2, Exhibits 1 - 9  |
  | Lot 20, Stagecoach Road,           | Book No. 3, Exhibits 1 - 9  |
  | Lot 33, Stagecoach Road,           | Book No. 4, Exhibits 1 - 9  |
  | Lot  2, Lazell Street,             | Book No. 5, Exhibits 1 - 8  |
  | Lot 11, Hitching Post,             | Book No. 5, Exhibits 1 - 10 |
  | Lot 35, Stagecoach Road,           | Book No. 5, Exhibits 1 - 8  |

  Complaint, Par. 1 and 11

  **Book No. 1, Exhibits 1 and 2**

* Defendants violated the Plaintiff's Civil Rights by depriving him of his right of due process by discriminating and defaming him, and then took his

-22-

property and violated his Fifth and Fourteenth Amendment Rights caused by the Defendants abuse of authority.

```
                              Book No. 1, Exhibits 2 - 25
Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8
```

Complaint, Par. 1 and 11

Book No. 1, Exhibits 1 and 2

\* The Lots identified in the Complaint are, as follows:

```
                              Book No. 1, Exhibits 2 - 25
Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8
```

Complaint, Par. 1 and 11

Book No. 1, Exhibits 1 and 2

\* The Defendant states, "the Plaintiff does not own the Lots which are the subject of the Complaint." The Defendants are wrong. Complaint, Par. 1 and 11

Book No. 1, Exhibits 1 and 2

-23-

* The Defendant states, "In 1997, Title to 90 Lazell Street (Lot 2) was transferred away from the Real Estate Trust that had owned this property through Tax Title proceedings adjudicated in the Massachusetts State Court."

* The Defendants are wrong. The Plaintiff owned this property since on or about 1984.

    **Book No. 1, Exhibit 1**

* The Plaintiff wrote to the Collector of Taxes with regards to the foreclosure and the redemption thereof and the Collector of Taxes Ms. Ruth Anne Beck and her Agent responded.

    **Book No. 1, Exhibits 1, 2 & 19**

* The Argument that the Defendants make at Page 4 has to do with the Defendants' Bad Conduct and Abuse of Authority in refusing to issue permits after the Lots were approved. Moreover, the Plaintiff was never a party to any other Lawsuit that the defendants cite in their motion.

    **Book No. 5, Lot 2, Exhibits 1 - 8**

* As the Plaintiff stated in his Complaint that the different Boards conspired to refuse the Plaintiff the permits.

    **Complaint, Par. 175 - 192**

-24-

* In June 1999, First High Street Trust did not have ownership of these properties.

   Book No. 1, Exhibits 1 and 2

* The Defendants allegations are false. The Plaintiff always maintained that his development efforts started on or about 1984 through April of 2003. The Defendants due to their bad conduct and abuse of authority issued and revoked permits and/or refused to issue the permits after the lots were tested by a Professional Engineer, witnessed by the B.O.H. and approved by the Town of Hingham.

   Book Nos. 1, 2, 3, 4 and 5

### PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S ARGUMENT

* The Plaintiff is the owner of the Lots. See Plaintiff's Answers to the Defendants allegations.

   Book No. 1, Exhibits 1 and 2

A. **PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S ARGUMENT THAT THE PLAINTIFF CANNOT PROVE A DEPRIVATION OF ANY FEDERALLY PROTECTED INTEREST WHICH CAN SUPPORT A CLAIM OF LIABILITY UNDER THE FEDERAL CIVIL RIGHTS LAW**

* The Plaintiff respectively directs the Court's attention to Pages 17 - 19 of its Opposition dated, August 4, 2004, to the Defendants' Motion to Dismiss.

   Book No. 1, Exhibits 1 and 2

-25-

\* At Footnote 5. the Defendants state: "that the Plaintiff failed to specifically identify any one cause of action nor does he specifically cite a particular statutory basis for his claims."

```
                                  Book No. 1, Exhibits 2 - 25
    Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
    Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
    Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
    Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
    Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
    Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8
```

Complaint, Par. 1 and 11

                                          Book No. 1, Exhibits 1 and 2

On July 8, 2004, the Court issued its <u>Memorandum and Order</u> and in this Order the Court decided this issue on the Defendant's "Motion for More Definite Statement".

\* The Plaintiff was the owner of the Lots until the Board of Health abused its Authority and caused the Plaintiff to lose the Lots.

                      Complaint, Par. 175 - 177 and 192

                            Book No. 1, Exhibits 1, 2 and 19

-26-

* The defendants claim "the lots in question are no longer owned by entities which once allegedly owned the Lots. Beginning in 1997 with Lot 2, 90 Lazell Street began taking the properties by Tax Title Proceedings for failure to pay property taxes."

* The Plaintiff states: The only reason they started their takings with Lot 2, 90 Lazell Street because it was the most valuable Lot and had someone (Dr. Mark A. Creager at Lot 1, Lazell Street) to give part of it to. This Lot was valued at $352,900. (See 2 Plans Inserted at Book No. 5)

                                        Book No. 1, Exhibit 2

* This has been the Plaintiff's argument, due to the defendants' mis-conduct and the Board of Health's abuse of authority. The Collector of Taxes Ruth Anne Beck foreclosed on the property after promising otherwise.
Complaint 175 - 177 and 192

                                     Book No. 1, Exhibits 1 - 25
    Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
    Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
    Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
    Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
    Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
    Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8

    Complaint, Par. 1 and 11

                                 Book No. 1, Exhibits 1, 2 & 19

-27-

* The Defendants state: "the plaintiff has <u>no</u> stake in the property." The plaintiff disagrees because of the defendant's abuse of authority in illegally revoking the permits. The bell is still tolling and the defendants are responsible for all of the damages caused to the plaintiff. Complaint, Par. 38-59 and 102-109

    Book No. 1, Exhibits 1, 2 & 19
    And Books Numbered 2, 3, 4, and 5

B.  **THE PLAINTIFF IN ITS OPPOSITION TOTALLY DISAGREES WITH THE DEFENDANTS STATEMENTS IN ITS PARAGRAPH B AND MY COMMENTS, AS FOLLOWS:**

---

* The plaintiff does <u>not</u> assert Unity of Interest with the true owners of the Lots alleged in his Complaint. This argument by the Defendant is repetitive and not true. Complaint, Par. 1 and 11

    Book No. 1, Exhibits 1 and 2
    And Books Numbered 2, 3, 4, and 5

    This is a different party and different issues.

* The defendants state, "The doctrine of preclusion "makes a valid, final judgment conclusive on the parties and their privies, etc..."

-28-

The plaintiff responds that he is a different entity with different issues and he was not a party to any previous litigation. Thus, the defendants' attempt to apply the doctrine of issue preclusion is wrong as a matter of law.

**Book No. 1, Exhibits 1 and 2**

\* This Paragraph 2 is repetitive throughout the defendants' Motion. The plaintiff did own the Lots and plaintiff could prove standing to assert claims against the defendants on its own. Complaint, Par. 1 and 11

**Book No. 1, Exhibits 1 and 2**

1. **PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' CLAIMS IDENTICAL OR SUBSTANTIALLY IDENTICAL TO THE CLAIMS RAISED IN THE PRESENT COMPLAINT WERE ASSERTED BY THE RECORD OWNERS OF THE SUBJECT LOTS AND FULLY ADJUDICATED IN A LAWSUIT FILED IN 1999 IN THE PLYMOUTH SUPERIOR COURT.**

---

\* These Paragraphs are repetitive throughout the Defendants' Motion. The Plaintiff owned the Lots and Plaintiff could prove standing to assert claims against the Defendants on its own. Complaint, Par. 1 and 11

**Book No. 1, Exhibits 1 and 2**

-29-

* The Defendant states: " permitting issues attendant to these Lots during the years 1985 through 1998," is false. The Plaintiff states: that it developed the Lots from 1984 through April, 2003, it performed its Percolation Tests, Biologists Tested the properties, had Professional Engineers conducting tests, design plans and submitted them to the Board of Health and the Board of Health issued the permits until abutters complained and then they revoked them. This is contrary to the Statutes, the Board of Health Regulations, etc.

                                  Book No. 1, Exhibits 1 - 25
        Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
        Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
        Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
        Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
        Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
        Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8

* This Paragraph is repetitive throughout, the Defendants Motion is wrong. The Plaintiff is a different party and different issues are involved. **The only party that has standing is the Plaintiff.** The Plaintiff has property rights in the property, as the Owner.

                                  Book No. 1, Exhibits 1 - 25
        Lot 18, Stagecoach Road, Book No. 2, Exhibits 1 -  9
        Lot 20, Stagecoach Road, Book No. 3, Exhibits 1 -  9
        Lot 33, Stagecoach Road, Book No. 4, Exhibits 1 -  9
        Lot  2, Lazell Street,   Book No. 5, Exhibits 1 -  8
        Lot 11, Hitching Post,   Book No. 5, Exhibits 1 - 10
        Lot 35, Stagecoach Road, Book No. 5, Exhibits 1 -  8

## SUMMARY OF THE LAW

Case law holds that allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 92 S.Ct. 594, 1972. Furthermore, a pro se complaint should not be dismissed unless it appears that plaintiff can prove no set of facts which would entitle him to relief. Moawad v. Childs, 673 F.2d 850, 1982.

Clearly, the facts of this case require this Court to deny the defendants' motion to dismiss so that the plaintiff may have a forum to be heard.

With respect to the defendants' argument of res judicata, it is well established that a defense of res judicata could not be raised on motion to dismiss. See Foye v. United A.G. Stores Co-op, Inc., 336 F.Supp. 82, 1972.

Plea of res judicata does not test the sufficiency of pleadings and court must necessarily look beyond pleadings, and affirmative defense of res judicata should more properly be pleaded as defense than in motion to dismiss. Husbands v. Comm. of Pa., 359 F.Supp. 925, 1973.

Regarding the defendants' argument of lack of standing, the plaintiff submits that as set out in this Opposition, it is not only without basis, it is an improper argument to make under Federal Law in a Motion to Dismiss. In <u>Vann v. Housing Authority of Kansas City,</u> 87 F.R.D. 642, 1980, the Court held that, for the purpose of motion to dismiss for want of standing, trial court must accept as true all material allegations of the complaint; however court may allow plaintiff to supply additional facts supportive of plaintiff's standing by amendment to the complaint or by affidavit.

Clearly, the plaintiff has provided in this Opposition and attachments thereto, all the additional facts supportive of the plaintiff's standing in this case.

For these additional reasons, the defendants' Motion to Dismiss must be denied.

In sum, the Federal Courts looks on motions to dismiss with disfavor and case law holds that such motions should rarely be granted. <u>Madison v. Purdy,</u> 410 F.2d, 1969. Clearly, motions to dismiss should not be granted and where there is any doubt about the character of the action, doubt should be resolved in favor of the pleader. <u>Taylor v. Breed,</u> 58 F.R.D. 101, 1973.

## CONCLUSION

The Plaintiff prays that this Honorable Court deny the Defendants' Motion because it is repetitive and wrong as a matter of law. The Plaintiff has standing to assert claims as a Real Party in Interest as the Plaintiff's Exhibits will show the arbitrary and capricious manner in which the Defendants treated the Plaintiff, because he refused to sell them the properties. **(Book No. 1, Exhibit 25).**

See the Plaintiff's Original Opposition dated, August 4, 2004, along with the Plaintiff's Supplemental Opposition dated, October 13, 2004, with the attachments, Book Nos. 1, 2, 3, 4 and 5.

Wherefore, the Court should deny the Defendants' Motion and respectfully allow this Lawsuit to go to trial.

Dated: October 13, 2004

Respectfully submitted,

Gaetano P. DeLuca
140 High Street
Hingham, MA 02043
(781) 749-7624