UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GAETANO P. DELUCA,                  )
    Plaintiff                       )
                                    )
    v.                              )   CIVIL ACTION
                                    )   NO. 03-12592-REK
TOWN OF HINGHAM, HINGHAM BOARD      )
OF HEALTH, PETER B. BICKFORD,       )
CHAIRMAN, RAYMOND E. BEALE, JR.,    )
RUTH ANNE BECK, TREASURER/TAX       )
COLLECTOR, BRUCE T. CAPMAN,         )
EXECUTIVE HEALTH OFFICER and FIRST  )
HIGH STREET TRUST,                  )
    Defendants                      )
_____ )

**Memorandum and Order**
November 2, 2004

### I. Pending Matters

On October 27, 2004, the court heard arguments on matters related to the following filings:

(1) Defendants' Motion to Dismiss (Docket No. 23) and Defendants' Memorandum of Law in Support of Motion to Dismiss (Docket No. 24) (filed July 26, 2004);

(2) Plaintiff's Opposition to Defendants' Motion to Dismiss (Docket No. 25), Plaintiff's Memorandum in Support of Motion to Dismiss (Docket No. 26), and Exhibits to Plaintiff's Opposition to Defendants' Motion to Dismiss (Docket No. 27) (filed August 3, 2004);

(3) Defendants' Supplement to Motion to Dismiss (Docket No. 41) and Defendants' Supplemental Memorandum of Law in Support of Motion to Dismiss (Docket No. 42) (filed September 29, 2004); and

(4) Plaintiff's Amended Opposition to Defendants' Motion to Dismiss (Docket No. 50), Plaintiff's Memorandum in Support of His Opposition to Defendants' Motion to Dismiss (Docket No. 52), and Exhibits to Plaintiff's Opposition to Defendants' Motion to Dismiss (Docket Nos. 44, 45, 46, 47, 48) (filed October 12, 2004).

## II. Factual and Procedural Background

Plaintiff Gaetano P. DeLuca is a pro se litigant alleging civil rights violations and other claims against the Town of Hingham, various town officials, and the First High Street Trust. The claims arise from decisions of town officials dating back into the 1980s, which denied permits for construction on certain lots in Hingham. The government defendants moved to dismiss the complaint, or in the alternative for summary judgment, on res judicata and other grounds. Plaintiff opposed the dismissal and cross-moved for summary judgment.

In 1999, First High Street Trust (a defendant in this case) brought suit in Massachusetts state court against the Town of Hingham, the Hingham Board of Health, and other town officials. First High Street Trust v. Town of Hingham, 805 N.E.2d 1035 (Table) (Mass. App. Ct. March 29, 2004). (See also Def. Supp. Memo., Docket No. 42, Ex. B) The First High Street Trust claimed in that suit that they were the record owner of each lot over which the plaintiff in this case, DeLuca, claims ownership. (Compare id. at ¶ 1 with First Amended Complaint, Docket No. 22, ¶ 1) The 1999 suit alleged that the government defendants violated the plaintiff's "property rights and civil rights" by the denial of permits to develop the lots in question and treating the plaintiff differently from others. (Def. Supp. Memo., Docket No. 42, Ex. B, ¶¶ 4-16, 21, 22) On January 23, 2001, the First High Street Trust joined or substituted as

plaintiffs the record owners of the lots in question. (Def. Supp. Memo., Docket No. 42, Ex. D, at 1 n.1) JAD, Ltd., Farm Estates Realty Trust, and Yankee Compact Realty Trust were added as the record owners. (Id.) JAD, Ltd., is a Massachusetts corporation for which plaintiff DeLuca is the president, treasurer, clerk, and sole director. (Pl. Exhibits, Book 1, Ex.1) The Massachusetts Superior Court granted summary judgment to the defendants on March 30, 2003, on the grounds that the statute of limitation barred the claims. (Id., Ex. C) The Massachusetts Appeals Court affirmed this decision on March 29, 2004. (Id., Ex. D)

### III. Discussion

Although usually not an issue for a motion to dismiss, res judicata can be a ground for dismissal if the facts relied upon are all a matter of public record. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). To determine the res judicata effect of a state court judgment, federal courts look to the law of the state that rendered the decision. Matsushita Electric Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996). Res judicata applies to claims of civil rights violations brought first in state court. Wilhauck v. Halpin, 953 F.2d 689, 704 (1st Cir. 1991). "Under Massachusetts claim preclusion doctrine, a 'prior adjudication on the merits operates as a bar to a later proceeding upon the same cause of action as to every issue that in fact was or in law might have been adjudicated.'" Id. at 705 (quoting Ratner v. Rockwood Sprinkler Co., 166 N.E.2d 694, 696 (Mass. 1960)). "Three elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." DaLuz v. Department of Corrections, 746 N.E.2d 501, 505 (Mass. 2000). The second and third elements of claim

preclusion have been satisfied here. The present claim involves the same lots in Hingham and the same operative facts as the first action, so the cause of action is identical. Cf. Bendetson v. Building Inspector of Revere, 634 N.E.2d 143, 146 (Mass. App. Ct. 1994) (finding identity of cause of action in suit challenging the legality of a permit where "[a]ll of these arguments arise out of and attempt to characterize the same set of operative facts — the actual use of the property in question"). The previous judgment was final and on the merits. Rose v. Town of Harwich, 778 F.2d 77, 81 (1st Cir. 1985) (holding that dismissal based upon the statute of limitation was "on the merits" under Massachusetts law for claim preclusion purposes). Only the issue of identity or privity of parties remains.

Plaintiff DeLuca was the president, treasurer, clerk, and sole director of JAD, Ltd., which was joined as a plaintiff in the 1999 action. (Pl. Exhibits, Book 1, Ex. 1) Under Massachusetts law, this relationship establishes privity between JAD, Ltd., and DeLuca. Amerpole International, Inc. v. Air Freight Forwarding Co., 1998 WL 1182053, *2 (Mass. Super. Jan. 30, 1998) ("In the present case Mr. Landano has a fiduciary relationship with Amerpole since he is the sole director, president, treasurer, clerk, and registered agent of Amerpole. For all these reasons, Mr. Landano is in privity with Amerpole."). Thus, DeLuca is bound by the determination of the state court that the statute of limitation bars the civil rights claims. The state court also determined that the plaintiffs before the court in that suit comprised all the record owners of the lots of property at issue in the suit. (Def. Supp. Memo., Docket No. 42, Ex. D, at 1 n.1) That determination by the state court of ownership of the properties for the time in question binds this court as well. If DeLuca was the true owner of those properties, he should have raised that issue in the state court litigation. This court cannot re-open that issue of ownership, nor can I

4

reconsider the civil rights issues which were decided by the state court. Finally, claim preclusion also bars the additional theories of recovery against the government defendants because they could have been brought in the first action. TLT Construction Corp. v. A. Anthony Tappe and Associates, Inc., 716 N.E.2d 1044, 1049-53 (Mass. App. Ct. 1999) ("The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.") (quotation marks omitted) (quoting Heacock v. Heacock, 520 N.E.2d 151, 153 (Mass. 1988)).

In these circumstances, I conclude that plaintiff's suit against the government defendants is barred by res judicata.

### IV. Plaintiff's Remaining Claims

The plaintiff's only remaining claims are against the First High Street Trust, apparently for breach of contract, unjust enrichment, or quantum meruit. In my Memorandum and Order of July 8, 2004, I allowed the defendants' motion for a more definite statement to the extent that it required a plain statement of the basis for jurisdiction. (Docket No. 21, at 5) Plaintiff's amended complaint stated that the basis for jurisdiction was federal question jurisdiction, predicated upon the civil rights claims. (Docket No. 22, at 53) I have now dismissed those claims and conclude that I must dismiss the remaining claims against First High Street Trust for lack of subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."). First High Street Trust is a Massachusetts trust and DeLuca is a Massachusetts citizen, so no jurisdiction can exist based on diversity of citizenship. (See Def.

5

Supp. Memo., Docket No. 42, Ex. B; First Amended Compl., Docket No. 22) Plaintiff's claims against the First High Street Trust arise under state, not federal, law. I have already afforded plaintiff an opportunity to state his basis for subject matter jurisdiction. That stated basis having been dismissed, and with no other possible basis present, I must dismiss the remaining claims for lack of subject matter jurisdiction. If plaintiff wants to pursue his state law claims against the First High Street Trust, he must do so in state court.

## Order

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion to Dismiss (Docket No. 23) is ALLOWED.

(2) Plaintiff's First Amended Complaint (Docket No. 22) is DISMISSED in its entirety.

(3) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

Civil Action No. 03-12592 is CLOSED.

                                                                    /s/Robert E. Keeton
                                                                       Robert E. Keeton
                                                 Senior United States District Judge