UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  03-CV-12592 REK

| | |
|---|---|
| GAETANO P. DELUCA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| THE TOWN OF HINGHAM, | ) |
| HINGHAM BOARD OF HEALTH, | ) |
| PETER B. BICKFORD, | ) |
| CHAIRMAN, RAYMOND E. BEALE, JR., | ) |
| RUTH ANNE BECK, TREASURER/ | ) |
| COLLECTOR, BRUCE T. CAPMAN, | ) |
| EXECUTIVE HEALTH OFFICER and | ) |
| FIRST HIGH STREET TRUST, | ) |
| | ) |
| Defendant, | ) |

PLAINTIFF'S MOTION FOR RECONSIDERATION

Now comes the plaintiff, Gaetano P. DeLuca, and respectfully moves pursuant to Rule 59 of the Federal Rules of Civil Procedure for Reconsideration of the Court's Memorandum and Order dated, November 2, 2004.

Under Rule 59, where a motion for reconsideration requests substantive changes in a District Court's decision, it may be considered under rule governing motion to alter or amend judgment, as required to toll appeal period. Hannon v. Maschner, (1992) 981 F.2d 1142.

Motion for reconsideration filed within ten days after order
ruling on motion for Summary Judgment would be treated as
falling under rule on motion to alter or amend judgment.
Herr v. McCormick Grain - The Heiman Company, Inc., (1993)
841 F. Supp. 1500.

As this Court clearly has jurisdiction to Reconsider its
Order dated November 2, 2004, the plaintiff, Gaetano P.
DeLuca, respectfully submits the following in support of his
Motion for Reconsideration.

1.    The plaintiff commenced this action on December 23,
      2003.  All Defendants were properly served.

2.    The Court has dismissed this action in its entirety
      based upon a previous state court action.  The only Lot
      that related to the plaintiff in that Case was Lot 2,
      Lazell Street, Hingham, MA.  The plaintiff's action
      should not be dismissed with respect to matters he was
      not privy to in the State Court.

      Furthermore, the plaintiff is not bound by the
      determination of the state court action on matters he
      was not privy to and did not have substantial control
      over.  Amerpole International, Inc. v. Air Freight
      Forwarding Co., 1998 WL 1182053.  Also See Kalman v.
      Berlyn Corp., 614 F. Supp. 1327, D.C.  Mass. 1985.

-2-

Clearly, in the State Court action, the plaintiff was in privy with JAD Limited with respect to Lot 2, Lazell Street, but it is equally clear that no privy existed between the plaintiff and any other entity or issue that was at issue in the State Court.

3.   In fact, as set out in the plaintiff's Memorandum of Law in support of his Opposition to Defendants' Motion to Dismiss, the plaintiff made it clear that the defendant, Ruth Anne Beck remained willing to redeem all the Lots at issue.

4.   The Court has made no finding, nor has it discussed the legal significance of the defendants' use of Regulations that clearly did not apply to the plaintiff.  This is important because this mis-use of Regulations (which the defendants admitted in Answers to Interrogatories) clearly nullifies any res judicata or statute of limitations argument which the defendants sought to claim.

5.   In its Memorandum and Order dated November 2, 2004, the Court did state in its Discussion that res judicata is usually not an issue for a motion to dismiss, but went on to say that it can be the grounds for dismissal

-3-

if the facts relied upon are all a matter of public record. A review of the record discloses that the facts relied upon are not all a matter of public record. Therefore, the dismissal of the plaintiff's actions on res judicata grounds is wrong as a matter of law and should be reversed.

6.   On July 8, 2004, this Court Ordered that the plaintiff provide a plain statement of the Court's Jurisdiction in response to the defendants' Motion for a More Definite Statement. The plaintiff provided the Plain Statement of Jurisdiction by way of an Amended Complaint.

The defendants have never addressed the merits of the plaintiff's Amended Complaint, therefore, this Court erred by ordering the dismissal of the Amended Complaint.

7.   The Court has not considered and has overlooked the fact that the defendants did issue permits for the Lots at issue, but some time after revoked all the permits without notice or hearing despite the fact that the plaintiff had been working on the development of the properties for a substantial period of time. As this action by the defendants has never been addressed, it cannot have res judicata effect.

-4-

WHEREFORE, the plaintiff prays that this Honorable Court
Reconsider its November 2, 2004 Order and allow this Case to
proceed forward to Trial.


Dated: November 9, 2004


                              Respectfully submitted,



                              Gaetano P. DeLuca
                              140 High Street
                              Hingham, MA 02043
                              (781) 749-7624

CERTIFICATE OF SERVICE

I herein certify that all parties were served by First Class
Mail, Postage Pre-Paid on November 9, 2004.

November 9, 2004