UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12592REK

|  |  |
|---|---|
| GAETANO P. DELUCA,<br>    Plaintiff<br><br>v.<br><br>TOWN OF HINGHAM, HINGHAM<br>BOARD OF HEALTH, PETER B.<br>BICKFORD, CHAIRMAN, RAYMOND E.<br>BEALE, JR., RUTH ANNE BECK,<br>TREASURER/TAX COLLECTOR,<br>BRUCE T. CAPMAN, EXECUTIVE<br>HEALTH OFFICER and FIRST HIGH<br>STREET TRUST,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.   Introduction

The Defendants Town of Hingham, Town of Hingham Board of Health, Peter B. Bickford, Raymond E. Beale, Jr., Ruth Anne Beck, and Bruce T. Capman, ("Defendants") received on November 12, 2004, Plaintiff's Motion for Reconsideration of the Judgment entered in the above captioned matter on November 2, 2004. The Plaintiff has failed to meet the applicable standard of for relief in accordance with Fed.R.Civ.P. 59(e) having failed to present either newly discovered evidence or to establish a manifest error of law. Accordingly, the Court should deny the Plaintiff's Motion

II.   <u>Factual Statements</u>

On November 2, 2004, Judgment entered in the above captioned matter after a hearing on the Defendants Motion to Dismiss and Supplemental Motion to Dismiss. In dismissing the matter and entering Judgment for the Defendants, the Court held that the plaintiff was "bound by the determination of the state court that the statute of limitation bars the civil rights claim . . . that determination by the state court of ownership of the properties for the time in question binds this court as well." Therefore, the Court held that the "plaintiff's suit against the government is barred by res judicata." (Order of November 2, 2004, p. 4-5). On November 12, 2004, Plaintiff filed a Motion for Reconsideration.

III.   <u>Argument</u>

    A.    **The Plaintiff has not met the Standard of Review for a Reconsideration in accordance with Rule 59(e).**

It is well settled that motions under Rule 59(e) must "either clearly establish a manifest error of law or must present newly discovered evidence." <u>Bull HN Information Systems Inc. v. Hutson</u>, 184 F.R.D. 19 (D. Mass., 1999). Rule 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence to advance arguments that could and should have been presented to the district court prior to judgment." <u>Id.</u>, at 22. See also, <u>Hayes v. Douglas Dynamics, Inc.</u>, 8 F.3d 88, 91 n. 3 (1st Cir.1993).

In the instant case, the Plaintiff does not present any new evidence to the Court, but rather

reiterates arguments which were argued and rejected by the Court in his Opposition to the Defendants' Motion to Dismiss.

B. **Certain Factual Assertions Made in Support of the Plaintiff's Motion are Demonstrably False**

The Plaintiff attempts to reargue his lack of standing by arguing that there was no privity of the parties in the prior State Court action. This argument is not a new one. As the Court correctly noted in its November 2, 2004, Order, the Plaintiff was the "president, treasurer, clerk and sole director of JAD, Ltd., which was joined as a plaintiff in the 1999 action." Plaintiff's motion for Reconsideration states that "he is not bound by the determination of the state court action on matters he was not privy to and did not have substantial control over." This assertion ignores Massachusetts law which states otherwise. See Order of November 2, 2004, at p. 4.

The Plaintiff's argument that he was not in privity misrepresents the facts of the case. The evidence presented to the Court clearly shows that as president, treasurer, clerk and sole director of JAD, Ltd., the Plaintiff had substantial control of JAD, Ltd. Plaintiff is simply attempting to relitigate an argument which the Court found unpersuasive in the first instance.

Plaintiff also misrepresents the facts of this case to the Court in his Motion for Reconsideration. Plaintiff states in his Motion that "the only Lot that related to the plaintiff in that Case was Lot 2, Lazell Street, Hingham, MA." This is a misrepresentation and mischaracterization of the evidence presented. The Amended Complaint in the state Court action (Exhibit B to Defendants' Supplemental Motion to Dismiss) clearly states in paragraph 1 that the Lots at issue are "Lot 2, Lazell Street; Lots 18 (22), 20(26), 33 (15) & 35 (9) Stagecoach Rd., Lot 11, Hitching Post Lane, Lots 42, 32 Rockwood Road; Lots 1 (1), 2A (3) and 5 (9), Andrews Isle, and Lot 34 (11)

3

Stagecoach Rd." Indeed, during the hearing on October 27, 2004, the Plaintiff admitted when questioned by the Court, that the Lots at issue in both cases were the same. To the extent that the Plaintiff is alleging that the "only lot that related to" him in the previous action was Lot 2, because JAD, Ltd. only owned Lot 2, this argument must also fail. The evidence presented to the Court proves that Plaintiff did not then own the other lots, and does not own them at this time. (See Exhibit A, Defendants' Supplemental Motion to Dismiss).

IV.   Conclusion

The Court should deny the Plaintiffs' Motion for Reconsideration because the Motion merely attempts to reargue the same points of fact and law that he made in his voluminous submissions to the Court and at oral argument. He has not offered any new evidence, or demonstrated any manifest error of law which would warrant reconsideration.

                      Respectfully Submitted,
                      **Town of Hingham et al**
                      By its attorneys

                      */s/ Stacey G. Bloom*
                      James A. Toomey, BBO#550220
                      William P. Breen, Jr. BBO# 558768
                      Stacey G. Bloom, BBO# 566800
                      MURPHY, HESSE, TOOMEY & LEHANE, LLP
                      300 Crown Colony Drive, Suite 410
                      Quincy, MA 02169
                      (617) 479-5000

## CERTIFICATE OF SERVICE

I, Stacey G. Bloom, Esq., hereby certify that on this 15th day of November, 2004, I served a copy of the foregoing document via first class mail, postage prepaid, upon the Gaetano DeLuca, pro se, 140 High Street, Hingham, MA 02043.

_/s/ Stacey G. Bloom_
Stacey G. Bloom