UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                      )
GAETANO P. DELUCA,                    )
      Plaintiff                       )
                                      )
      v.                              )   CIVIL ACTION
                                      )   NO. 03-12592-REK
TOWN OF HINGHAM, HINGHAM BOARD        )
OF HEALTH, PETER B. BICKFORD,         )
Chairman, RAYMOND E. BEALE, JR.,      )
RUTH ANNE BECK, Treasurer/Tax         )
Collector, BRUCE T. CAPMAN,           )
Executive Health Officer, and FIRST   )
HIGH STREET TRUST,                    )
      Defendants                      )
_____)
```

**Memorandum and Order**
January 12, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff's Motion to Compel Discovery (Docket No. 56) (filed November 8, 2004);

(2) Plaintiff's Motion for Reconsideration (Docket No. 57) (filed November 10, 2004); and

(3) Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (Docket No. 58) (filed November 16, 2004).

## II. Factual and Procedural Background

Plaintiff Gaetano P. DeLuca is a pro se litigant alleging civil rights violations and other claims against the Town of Hingham, various town officials, and the First High Street Trust. On November 2, 2004, I issued a Memorandum and Order in this case (Docket No. 53), allowing the defendants' motion to dismiss and on the same day ordered judgment closing the case. (Docket No. 54) Plaintiff DeLuca later filed two motions now before the court: one, a motion to compel, and the other, a motion to reconsider.

## III. Analysis

As I stated in the previous Memorandum and Order, this court allowed the defendants' motion to dismiss because the plaintiff's rights had previously been adjudicated in an action in a Massachusetts state court. The plaintiff now urges that this court reconsider its ruling pursuant to Rule 59. Most of the plaintiff's arguments have been presented to the court before, but I briefly mention his new arguments. Plaintiff admits that he was in privity with one of the plaintiffs in the state court action, JAD, Ltd., but argues that the decision does not completely bar this action because he was not in privity with all of the plaintiffs in the state court action. Plaintiff also argues that res judicata does not apply because the defendants' "mis-use of Regulations . . . clearly nullifies any res judicata or statute of limitations argument . . . ." (Pl.'s Motion to Reconsider, Docket No. 57, at 3) Finally, plaintiff argues that it was inappropriate to decide this case on a motion to dismiss because the decision relied upon facts outside the pleadings that were not a matter of public record.

The Court of Appeals for the First Circuit recently discussed the appropriate

standard for a motion to reconsider:

> Rule 59(e) itself does not state the grounds on which relief under the rule may be granted, and the district courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e). That discretion requires a balancing of the need for finality of judgments with the need to render a just decision. Under the broad umbrella of the district court's discretionary power, the case law has developed a non-exhaustive list of circumstances in which relief is available under Rule 59(e) that attempts to balance the need for finality with the need for justice. One of those circumstances . . . is where the moving party clearly establishes a manifest error of law.

Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). Pro se litigants are entitled to greater leniency in their pleadings and dismissal is proper "only if a plaintiff cannot prove any set of facts entitling him or her to relief." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

With these standards in mind, I conclude that plaintiff's arguments, urging me to reconsider my previous ruling, are unpersuasive. Plaintiff's first argument, that privity was established with only one plaintiff in the state court action, is unavailing. As I stated in my earlier Memorandum and Order, the state court decision is binding upon this court with respect to the ownership of the parcels in question. (Memo. & Order, Docket No. 53, at 4–5) Claim preclusion bars all claims that were actually brought in the first action or could have been brought. (Id.) Plaintiff's second argument, that this court should ignore the res judicata effect of the state court adjudication of his civil rights claim because of the merits of that civil rights claim, is incorrect as a matter of law.

Plaintiff's final argument, that the ruling was not based upon public records, is also without merit. A court may consider public records without converting a motion to dismiss into a

motion for summary judgment, if the authenticity of those documents is not in dispute. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003); Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000); Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993). Although the plaintiff does not identify which facts, relied upon by this court, were not a matter of public record, I will afford the plaintiff the leniency owed to a pro se litigant. I needed only two salient facts to conclude that this action was barred by res judicata: (1) the opinions of the Massachusetts Appeals Court in the matter of First High Street Trust v. Town of Hingham, 805 N.E.2d 1035 (Table) (Mass. App. Ct. March 29, 2004), and (2) the fact that Mr. DeLuca was the president, treasurer, clerk, and sole director of JAD, Ltd, a plaintiff in the first case. The opinions from a previous adjudication are "fair game" as public records for a Rule 12(b)(6) motion. In re Colonial Mortgage Bankers Corp., 324 F.3d at 19. I found the second fact from the filing with the Massachusetts Secretary of State, submitted to this court by the plaintiff, naming Mr. DeLuca as the president, treasurer, clerk, and sole director of JAD, Ltd. (Pl.'s Exhibits, Docket No. 44, Book 1, Ex. 1; Memo. & Order, Docket No. 53, at 4) The plaintiff does not dispute the authenticity of this filing — he submitted the filing himself — and now acknowledges his privity with JAD, Ltd. (Pl.'s Exhibits, Docket No. 44, Book 1, Ex. 1; Pl.'s Motion for Reconsideration, Docket No. 57, at 3) The reliance upon these public records is, therefore, particularly appropriate. Cf. Soto-Negrón v. Taber Partners I, 339 F.3d 35, 36 (1st Cir. 2003) ("Because [the documents in question] were submitted to the district court by the plaintiffs and are central to their claim, we take them into account without need to convert the proceeding into one for summary judgment.") (citing Watterson, 987 F.2d at 3–4). I conclude that I made no error of law in my previous Memorandum and Order dismissing plaintiff's case.

Accordingly, Plaintiff's Motion for Reconsideration (Docket No. 57) is DENIED.

Because this case remains closed, Plaintiff's Motion to Compel (Docket No. 56) is also DENIED.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for Reconsideration (Docket No. 57) is DENIED.

(2) Plaintiff's Motion to Compel (Docket No. 56) is DENIED.

(3) This case remains CLOSED.

            /s/Robert E. Keeton
            Robert E. Keeton
         Senior United States District Judge